JOURNAL ENTRY AND OPINION
{¶ 1} Appellant, J.V.,[1] appeals his juvenile disposition as it is reflected in the journal entries of the common pleas court, juvenile division, which differs from the disposition imposed at the recorded disposition hearing. Upon review of the record, and per concession by the state, we sustain this appeal and order the modification of the journal entries to accurately reflect the disposition imposed at the recorded disposition hearing.
 {¶ 2} Appellant initially had three cases pending before the juvenile division: DL01105053; DL04102103; and DL05103008.[2] He entered into plea negotiations with the state, and the parties came to an agreement. Pursuant to the agreement, a disposition hearing was held on June 17, 2005. This appeal arises from the discrepancy between the recorded disposition imposed at the hearing and the disposition as stated in the journal entries filed by the juvenile court in case numbers DL04102103 and DL05103008.
 {¶ 3} In DL04102103, a compliant was filed charging appellant with one count of aggravated robbery, in violation of R.C.2911.01(A)(1), with one- and three-year firearms specifications.
 {¶ 4} In DL05103008, appellant was charged with one count of felonious assault, in violation of R.C. 2903.11(A)(2); two counts of attempted murder, in violation of R.C. 2903.02(A) and 2923.02, with one- and three-year firearm specifications; and one count of aggravated robbery, in violation of R.C. 2911.01(A)(1), with one- and three-year firearm specifications. In addition, a notice was filed seeking a Serious Youth Offender ("SYO") dispositional sentence in DL05103008.
 {¶ 5} Appellant and the state subsequently entered into plea negotiations and came to an agreement. On June 17, 2005, a plea and disposition hearing was held in resolution of all three cases pending against appellant. As to DL04102103, appellant entered an admission to one count of aggravated robbery, a felony of the first degree if committed by an adult. In exchange, the state nolled the firearm specifications contained in the original complaint. As to DL05103008, appellant entered admissions to two new counts, counts five and six, and the four counts contained in the original complaint were dismissed. Count five contained one count of felonious assault, a felony of the second degree if committed by an adult, with one- and three-year firearm specifications, and a SYO dispositional sentence. Count six contained one count of aggravated robbery, a felony of the first degree if committed by an adult, with one- and three-year firearm specifications, and a SYO dispositional sentence. Appellant was also found to have been 17 years of age at the time of the offenses.
 {¶ 6} Once appellant had admitted to these amended counts, the trial court accepted his admissions and proceeded to disposition. A review of the record indicates the following disposition imposed at the June 17 hearing:
 {¶ 7} Pursuant to DL04102103, appellant was committed to ODYS for a minimum of one year, not to exceed appellant's attainment of the age of 21 years. This sentence was to run consecutively with that imposed in DL05103008.
 {¶ 8} Pursuant to DL05103008, which disposition was subject to a blended sentence, appellant was committed to ODYS for a minimum of one year total, not to exceed appellant's attainment of the age of 21 years. This one year total disposition is a product of concurrent sentences on the felonious assault and the aggravated robbery in case number DL05103008.
 {¶ 9} Furthermore, appellant was committed to an additional one year at ODYS pursuant to his admission in DL05103008 to firearm specifications. This additional year was to run consecutive and prior to the other dispositions imposed.
 {¶ 10} According to the record of the June 17 disposition hearing, appellant was committed to ODYS for a minimum of three years total, not to exceed his attainment of the age of 21 years. However, on July 8, 2005, three journal entries were filed, one for each case number. According to these journal entries, appellant was committed to ODYS for a minimum of four years, not to exceed his attainment of the age of 21 years. Appellant brings this appeal to correct the discrepancy between the sentence imposed at the disposition hearing and the one reflected in the journal entries and asserts the following two assignments of error.
 {¶ 11} "I. THE TRIAL COURT VIOLATED [J.V.'S] RIGHT TO DUE PROCESS WHEN IT COMMITTED HIM TO THE DEPARTMENT OF YOUTH SERVICES FOR A MINIMUM PERIOD OF THREE YEARS AT HIS DISPOSITION HEARING BUT THEN ORDERED HIM TO SERVE A MINIMUM PERIOD OF FOUR YEARS IN ITS JOURNAL ENTRY.
 {¶ 12} "II. [J.V.] WAS DENIED HIS CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL UNDER THE SIXTH ANDFOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 AND 16 OF THE OHIO CONSTITUTION."
 {¶ 13} In his first assignment of error, appellant contends that the journal entries reflect an additional year of commitment at ODYS that was not reflected in either the agreed upon sentence or the transcript of the trial court's disposition. The state agrees with appellant's assessment of this case and concedes.
 {¶ 14} In State v. Adams (1997), Cuyahoga App. No. 70045, this court held it to be error for a trial court to impose a sentence in its journal entry that differed from the sentence agreed upon by the parties and articulated by the trial court at the disposition hearing. We find this to be the fact in the case at bar. Accordingly, we vacate the appellant's sentence as stated in the applicable journal entries and remand the matter to the juvenile division to modify its journal entries to accurately reflect appellant's disposition, as articulated at the June 17, 2005 hearing. In view of our ruling on his first assignment of error, appellant's second assignment of error is rendered moot, pursuant to App.R. 12(A)(1)(c).
Case remanded for proper modification of applicable journal entries.
This cause is remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee costs herein.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Dyke, A.J., and Corrigan, J., Concur.
[1] Appellant is referred to herein by his initials in accordance with this court's established policy regarding non-disclosure of identities in juvenile cases.
[2] Case No. DL01105053 related to appellant's violation of a parole order. Pursuant to that violation, the juvenile court revoked appellant's parole and imposed a disposition of no less than 30 days in the Ohio Department of Youth Services. That case and disposition are not part of this appeal.