JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant, Curtis Bradley ("Bradley") appeals the trial court's denial of his motion to suppress, his conviction, and his sentence. Finding some merit to the appeal, we affirm his conviction but vacate his sentence and remand the case for resentencing.
 {¶ 2} In 2004, Bradley was charged with drug trafficking, drug possession, and possession of criminal tools. He filed a motion to suppress, which the trial court denied after a full hearing. The matter proceeded to trial, at which the jury convicted Bradley of all charges. The court sentenced him to four years in prison on each of the drug charges, to be served concurrently.[1] The following facts were adduced at the motion to suppress hearing and trial.
 {¶ 3} Officer Beese of the Cuyahoga Metropolitan Housing Authority police ("CMHA") issued Bradley a misdemeanor citation. Bradley failed to appear at his court hearing, and the court issued a warrant for his arrest. Officer Beese was present in court when the court issued the warrant, and he obtained a copy of the court's docket reflecting that a warrant was issued.
 {¶ 4} On October 29, 2004, Officer Beese was patrolling the area of East 55th Street near East Technical High School when he observed Bradley driving. Beese informed the Cleveland Police Department ("CPD") officers on scene that he had just seen Bradley drive by in his distinctive purple car.
 {¶ 5} CPD stopped Bradley in the area of East 49th Street and Payne Avenue and verified his identity and the outstanding warrant. Officers arrested Bradley and proceeded to inventory the contents of his car prior to towing the vehicle. Sergeant Shaughnessy of the CMHA police arrived with his canine, Wesley, to search Bradley's car. The dog detected the presence of narcotics in the front passenger seat. Officers recovered 25.60 grams of crack cocaine, $1,492 in cash, and a cell phone. The name "Bino" appeared on the screen of the cell phone. The crack cocaine was recovered from the cushion of the passenger seat, which had been cut to contain a hidden pocket.
 {¶ 6} Bradley appeals, raising three assignments of error for our review. In his first assignment of error, Bradley argues that the trial court erred in denying his motion to suppress because the police seized evidence after Bradley was illegally detained.[2]
 {¶ 7} In reviewing a trial court's ruling on a motion to suppress, a reviewing court must keep in mind that weighing the evidence and determining the credibility of witnesses are functions for the trier of fact. State v. DePew (1988),38 Ohio St.3d 275, 277, 528 N.E.2d 542; State v. Fanning (1982),1 Ohio St.3d 19, 20, 437 N.E.2d 583. A reviewing court is bound to accept those findings of fact if supported by competent, credible evidence. See, State v. Curry (1994), 95 Ohio App.3d 93, 96,641 N.E.2d 1172, citing, State v. Schiebel (1990),55 Ohio St.3d 71, 564 N.E.2d 54. A reviewing court, however, must review de novo whether, as a matter of law, the facts meet the appropriate legal standard. Id. See, also, State v. Claytor
(1993), 85 Ohio App.3d 623, 627, 620 N.E.2d 906.
 {¶ 8} A traffic stop constitutes a seizure within the meaning of the Fourth Amendment. Whren v. United States (1996),517 U.S. 806, 809-810, 135 L.Ed.2d 89, 116 S.Ct. 1769. However, an investigative stop of a motorist does not violate the Fourth Amendment if the officer has a reasonable suspicion that the individual is engaged in, or has been engaged in, criminal activity. See Maumee v. Weisner, 87 Ohio St.3d 295, 299, 1999-Ohio-68, 720 N.E.2d 507. "To justify a particular intrusion, the officer must demonstrate `specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion.'" Weisner, supra at 299, quoting Terry v. Ohio (1968), 392 U.S. 1, 21, 88 S.Ct. 1868,1880, 20 L.Ed.2d 889, 906. Evaluating these facts and inferences requires the court to consider the totality of the surrounding circumstances. State v. Freeman (1980), 64 Ohio St.2d 291,414 N.E.2d 1044, paragraph one of the syllabus, certiorari denied (1981), 454 U.S. 822, 102 S.Ct. 107, 70 L.Ed.2d 94.
 {¶ 9} Bradley argues that the police acted precipitously by stopping him before verifying the status of his warrant because he was stopped seventeen days after the warrant was issued.
 {¶ 10} In State v. Davenport, Cuyahoga App. No. 83487,2004-Ohio-5020, ¶ 13, we held that, if the police have information that the owner of a car has an active warrant and police are justified in presuming that the driver of the car is the owner, then they are justified in stopping the car. In this case, Officer Beese not only recognized Bradley's distinctive purple car, but he personally observed Bradley driving. He also had personal knowledge that Bradley had an active warrant. Once the police stopped Bradley's car, he was detained long enough to verify the warrant, and then they arrested him and searched his car.
 {¶ 11} As required by Terry, supra, we find that the officers had a reasonable suspicion that the driver of the car, Bradley, had been engaged in criminal activity, that is, the crime for which the warrant was issued. See Davenport, supra. Further, based on the totality of the circumstances, we find that the officers did not violate Bradley's rights by stopping his car before verifying the warrant. Therefore, the court committed no error by denying the motion to suppress. The first assignment of error is overruled.
 {¶ 12} In the second assignment of error, Bradley argues that the trial court improperly admitted the State's rebuttal evidence.
 {¶ 13} Rebuttal evidence is "that given to explain, refute, or disprove new facts introduced into evidence by the adverse party; it becomes relevant only to challenge the evidence offered by the opponent, and its scope is limited by such evidence."State v. McNeill, 83 Ohio St.3d 438, 446, 1998-Ohio-293,700 N.E.2d 596. What evidence is admissible as proper rebuttal lies within the discretion of the trial court and will not be reversed absent an abuse of discretion. Id.
 {¶ 14} In this case, Ivan Hampton ("Hampton"), a juvenile friend of Bradley's, testified on his behalf. Hampton testified that he had found the subject drugs in the parking lot of the King Kennedy Estates and put them in the cushion of Bradley's car. Hampton further testified that the drugs belonged to him and Bradley had no knowledge of them. Hampton denied knowing about a local gang known as the "King Kennedy Outlaws" and also denied the existence of any gangs in Cleveland. He was able to identify the tattoo on Bradley's arm but denied that the letters "KKO" in the tattoo signified the King Kennedy Outlaws. He further testified that Bradley was a "great guy" who attended college, volunteered with children, and was not involved with gangs.
 {¶ 15} To rebut the testimony presented by Hampton, the State presented the testimony of CMHA officer Gregory Drew and FBI Special Agent Doug Williams. Officer Drew testified that he had direct knowledge of the gang known as the King Kennedy Outlaws from the CMHA King Kennedy Estates and was able to identify their tattoos, clothing, and graffiti. Officer Drew was also able to identify the name "Bino" on some of the graffiti, the same name that appeared on Bradley's cell phone. Special Agent Williams testified he had spent fourteen years in the FBI investigating local gangs and that he also had knowledge of the King Kennedy Outlaws. He further explained the role of a juvenile member in the hierarchy of gang membership and stated that juveniles are often given the tasks that expose them to law enforcement because they are subject to lighter punishment.
 {¶ 16} We find that the trial court did not abuse its discretion in allowing rebuttal testimony. Hampton testified that the drugs belonged to him, that gangs do not exist in Cleveland, and that he had never heard of the King Kennedy Outlaws. The State simply provided testimony that rebutted Hampton's averments.[3] The jury, as the finder of fact, was then able to decide whose testimony was more credible. We find no error in the court's decision to admit the rebuttal testimony. Therefore, the second assignment of error is overruled.
 {¶ 17} In the third assignment of error, Bradley argues that the trial court erred in imposing more than the minimum sentence of three years on counts one and two, the drug charges.
 {¶ 18} The trial court imposed a sentence of four years after making findings pursuant to the provisions of R.C. 2929.14(B). The Ohio Supreme Court recently declared that statute unconstitutional and excised it from the statutory scheme. Statev. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, applying UnitedStates v. Booker (2005), 543 U.S. 220, 125 S.Ct. 738,160 L.Ed.2d 621; Blakely v. Washington (2004), 542 U.S. 296,124 S.Ct. 2531, 159 L. Ed. 2d 403 and Apprendi v. New Jersey
(2000), 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435. As a result, "trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings and give reasons for imposing maximum, consecutive or more than the minimum sentence." Foster, supra at paragraph seven of the syllabus, and State v. Mathis, 109 Ohio St.3d 54,2006-Ohio-855, paragraph three of the syllabus. A defendant, however, who was sentenced under the unconstitutional and now void statutory provisions must be resentenced. Foster, supra. Therefore, Bradley's sentences must be vacated and he must be resentenced.
 {¶ 19} Pursuant to the mandates of Foster, we sustain the third assignment of error, vacate Bradley's sentence on counts one and two, and remand this matter to the trial court for resentencing on those counts.[4]
Accordingly, conviction affirmed, sentence vacated and case remanded for resentencing.
It is ordered that appellee and appellant bear their own costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Calabrese, Jr., J. concurs; (see Separate ConcurringOpinion).
 Sweeney, P.J. concurs in Judgment Only.
[1] The six-month sentence for possession of criminal tools is not being appealed.
[2] We note that Bradley does not challenge the validity of the canine sniff or the inventory search. Therefore, they will not be discussed under this assignment of error.
[3] The court offered Bradley the chance to provide surrebuttal testimony, which he declined.
[4] Pursuant to State v. Saxon, 109 Ohio St.3d 176,2006-Ohio-1245, we may vacate only a sentence for an offense that is appealed. Bradley appeals only the drug offense sentences.
 CONCURRING OPINION