JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Curtis Bradley ("defendant"), appeals from the trial court's denial of his petition for postconviction relief. For the reasons that follow, we affirm and remand with instructions.
 {¶ 2} Bradley was convicted of trafficking crack cocaine in an amount equal to or exceeding 25 grams; possession of crack cocaine in the same amount; and *Page 3 
possessing criminal tools. At trial, the State produced evidence that the weight of the crack cocaine was 25.6 grams. Following his conviction, defendant petitioned the court for relief pursuant to R.C.2953.21, et seq., relying on an independent lab analysis that was conducted post-trial, which reflected the amount of the crack cocaine involved as weighing 24.37 grams. The trial court denied the petition without issuing findings of fact or conclusions of law, which forms the basis of defendant's first assignment of error, which states:
 {¶ 3} "I. The trial court improperly dismissed the petition without making findings of fact and conclusions of law."
 {¶ 4} The State concedes the merit of the first assignment of error and therefore it is sustained pursuant to R.C. 2953.21(B).
 {¶ 5} In the second assignment of error, defendant maintains:
 {¶ 6} "II. The petition for postconviction relief should not be dismissed."
 {¶ 7} A criminal defendant challenging his conviction through a motion for postconviction relief is not automatically entitled to an evidentiary hearing. State v. Hicks, Butler App. No. CA2004-07-170,2005-Ohio-1237. Pursuant to R.C. 2953.21(C), a trial court properly denies a defendant's motion for postconviction relief without holding an evidentiary hearing where the petition, the supporting affidavits, the documentary evidence, the files, and the records do not demonstrate that the petitioner set forth sufficient operative facts to establish substantive grounds for relief. Id. *Page 4 
 {¶ 8} A trial court may also dismiss a motion for postconviction relief without an evidentiary hearing when the claims raised in the petition are barred by the doctrine of res judicata. State v. Perry
(1967), 10 Ohio St.2d 175. Res judicata is applicable in all postconviction relief proceedings. Id.
 {¶ 9} Under the doctrine of res judicata, a defendant who was represented by counsel is barred from raising an issue in a petition for postconviction relief if the defendant raised or could have raised the issue at trial or on direct appeal. State v. Reynolds (1997),79 Ohio St.3d 158, 161, 1997-Ohio-304. For a defendant to avoid dismissal of the petition by operation of res judicata, the evidence supporting the claims in the petition must be competent, relevant, and material evidence outside the trial court record. State v. Cole (1982),2 Ohio St.3d 112; State v. Lawson (1995), 103 Ohio App.3d 307, 315.
 {¶ 10} Defendant contends that the post-trial lab report entitles him to relief from his conviction because it undermines the sufficiency of the trial evidence. This claim is barred by res judicata. Defendant could have conducted an independent lab analysis prior to trial and/or raised the issue at trial. The weight differential between the reports creates an issue of credibility and not one of sufficiency. Stated differently, even if the subject report had been admitted at defendant's trial, the State presented sufficient evidence that the cocaine weighed 25 grams or more.
 {¶ 11} Defendant also contends that he set forth sufficient operative facts to support his ineffective assistance of counsel claims, thereby warranting an evidentiary hearing. To show that a defendant has been prejudiced by counsel's *Page 5 
deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different. Strickland v.Washington (1984), 466 U.S. 668.
 {¶ 12} In sum, defendant maintains that had his counsel obtained an independent lab analysis it would have created reasonable doubt as to the weight of the substance involved, making it a reasonable probability that the jury would have convicted him of a lesser offense. Res judicata does not bar this aspect of defendant's petition because we could not have considered the post-trial lab report, which was evidence from outside the trial record, on the direct appeal. State v. Budreaux, Cuyahoga App. No. 63698, Motion No. 41199, 2003-Ohio-4335, ¶ 9.
 {¶ 13} Defendant's petition, which contains an unauthenticated copy of a lab report dated June 21, 2005, does not demonstrate that the petitioner set forth sufficient operative facts to establish substantive grounds for relief. For example, defendant's petition presupposes that an independent lab analysis, if one had been conducted prior to his trial, would have yielded the same result as the one upon which he relies. Further, his argument presupposes that there is no factual basis that would explain the weight differential between the lab reports that were conducted at different times. See State v. Alexander, Cuyahoga App. No. 85688, 2005-Ohio-5200, ¶¶ 27-31 (noting expert testimony that "crack cocaine loses weight over time because the water in the crack cocaine evaporates"). Absent some evidence that the weight reflected in the June 21, 2005 lab report accurately reflects what the substance weighed prior to defendant's trial, defendant has not established *Page 6 
substantive grounds for relief. Accordingly, the trial court did not err by dismissing defendant's petition without a hearing.
 {¶ 14} Assignment of Error II is overruled.
Judgment affirmed and cause remanded with instructions to issue findings of fact and conclusions of law.
It is ordered that appellee and appellant share equally the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution. Case remanded to the trial court with instructions.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
FRANK D. CELEBREZZE, JR., A.J., and ANTHONY O. CALABRESE, JR., J., CONCUR. *Page 1