JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Curtis Bradley ("Bradley"), appeals for a second time the trial court's dismissal of his petition for postconviction relief. For the reasons that follow, we affirm.
 {¶ 2} In 2005, Bradley was convicted of trafficking crack cocaine in an amount equal to or exceeding 25 grams, drug possession, and possessing criminal tools. At trial, the State produced evidence that the weight of the crack cocaine was 25.6 grams. He was convicted on all three counts and sentenced to a total of four years in prison. This court affirmed his conviction in State v. Bradley, Cuyahoga App. No. 86351, 2006-Ohio-3360, and remanded the matter for resentencing underState v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470.
 {¶ 3} During the pendency of his original appeal, Bradley filed a petition for postconviction relief, arguing that his conviction was based on insufficient evidence. Bradley relied on an independent lab analysis conducted post-trial, which found that the weight of the crack cocaine involved was 24.37 grams. The trial court denied his petition without issuing findings of fact and conclusions of law. Bradley appealed, arguing that the trial court should not have dismissed his petition for postconviction relief and that the trial court's dismissal was improper. See State v. Bradley, Cuyahoga App. No. 88163,2007-Ohio-2642 ("Bradley II" or "his prior appeal"). In Bradley II, this court held that Bradley's claim that the post-trial lab report entitled him to relief from his conviction was barred by res judicata. This court affirmed the *Page 3 
dismissal of his petition but remanded with instructions to issue findings of fact and conclusions of law.
 {¶ 4} Bradley also argued in his prior appeal that he set forth sufficient operative facts in his petition for postconviction relief to support his claim of ineffective assistance of counsel, thereby warranting an evidentiary hearing. He claimed that had his trial "counsel obtained an independent lab analysis it would have created reasonable doubt as to the weight of the substance involved, making it a reasonable probability that the jury would have convicted him of a lesser offense." We held that "[r]es judicata does not bar this aspect of defendant's [Bradley's] petition because we could not have considered the post-trial lab report, which was evidence from outside the trial record, on the direct appeal." Id., citing State v. Budreaux, Cuyahoga App. No. 63698, 2003-Ohio-4335. However, we nevertheless upheld the dismissal of his petition because he failed to establish substantive grounds for relief.
 {¶ 5} On remand, the trial court adopted the State's proposed findings of fact and conclusions of law, issued them as its own, and dismissed Bradley's petition for postconviction relief.
 {¶ 6} Bradley appeals again, raising two assignments of error for our review. In the first assignment of error, he argues that his petition for postconviction relief should not have been dismissed. He claims the doctrine of res judicata does not apply because his petition was based on evidence that was not presented at trial. *Page 4 
We disagree.
 {¶ 7} As discussed above, this court previously addressed the merits of Bradley's petition in Bradley II. We found that his claim of insufficient evidence was barred by the doctrine of res judicata. Id. Under the doctrine of res judicata, any claim for postconviction relief that was or could have been raised on direct appeal is barred from consideration. State v. Perry (1967), 10 Ohio St.2d 175, 226 N.E.2d 104, paragraph nine of the syllabus. We reasoned that Bradley "could have conducted an independent lab analysis prior to trial and/or raised the issue at trial. The weight differential between the reports creates an issue of credibility and not one of sufficiency. Stated differently, even if the subject report had been admitted at defendant's [Bradley's] trial, the State presented sufficient evidence that the cocaine weighed 25 grams or more." Bradley II.
 {¶ 8} He also argues that res judicata does not apply to his ineffective assistance of counsel claim, and he requests an evidentiary hearing on the issue.
 {¶ 9} We note that res judicata does not bar claims for postconviction relief when the petitioner presents evidence outside the record that was not in existence and was not available to the petitioner in time to support a direct appeal. State v. Cole (1982), 2 Ohio St.3d 112, 114,443 N.E.2d 169.
 {¶ 10} However, Bradley asserted this same argument in Bradley II and we found that he failed to submit sufficient evidence to establish that defense counsel was ineffective. We found fault with the independent lab analysis on the crack *Page 5 
cocaine. Specifically, we stated that:
 Bradley's "petition, which contains an unauthenticated copy of a lab report dated June 21, 2005, does not demonstrate that the petitioner set forth sufficient operative facts to establish substantive grounds for relief. For example, defendant's [Bradley's] petition presupposes that an independent lab analysis, if one had been conducted prior to his trial, would have yielded the same result as the one upon which he relies. Further, his argument presupposes that there is no factual basis that would explain the weight differential between the lab reports that were conducted at different times. See State v. Alexander, Cuyahoga App. No. 85688, 2005-Ohio-5200, ¶ 27-31 (noting expert testimony that "crack cocaine loses weight over time because the water in the crack cocaine evaporates"). Absent some evidence that the weight reflected in the June 21, 2005 lab report accurately reflects what the substance weighed prior to defendant's trial, defendant has not established substantive grounds for relief. Accordingly, the trial court did not err by dismissing defendant's petition without a hearing."
 {¶ 11} Clearly, this appeal asserts the same issues that were already addressed in Bradley II. Thus, Bradley is barred under res judicata from raising these issues in the instant appeal. Accordingly, the first assignment of error is overruled.
 {¶ 12} In the second assignment of error, Bradley argues that the trial court improperly dismissed his petition for reasons other than res judicata without making findings of fact and conclusions of law. He argues that the trial court never engaged in personal fact-finding as required by R.C. 2953.21 because it adopted the State's proposed findings without signing them.
 {¶ 13} Civ. R. 52 provided that it is within the trial court's discretion to "require any or all of the parties to submit proposed findings of fact and conclusions of law." *Page 6 
Moreover, this court has previously held that: "[i]n the absence of demonstrated prejudice, it is not erroneous for the trial court to adopt, in verbatim form, findings of fact and conclusions of law which are submitted by the state." State v. Thomas, Cuyahoga App. No. 87666,2006-Ohio-6588, citing State v. Powell (1993), 90 Ohio App.3d 260, 263,629 N.E.2d 13; State v. Sowell (1991), 73 Ohio App.3d 672, 676,598 N.E.2d 136.
 {¶ 14} "A trial court may adopt verbatim a party's proposed findings of fact and conclusions of law as its own if it has thoroughly read the document to ensure that it is completely accurate in fact and law."Thomas, citing State v. Jester, Cuyahoga App. No. 83520, 2004-Ohio-3611. Thus, "the trial court's adoption of the findings of fact and conclusions of law submitted by the state does not, by itself, deprive the petitioner of a meaningful review of his petition for postconviction relief and does not constitute error in the absence of demonstrated prejudice." State v. Powell (1993), 90 Ohio App.3d 260, 629 N.E.2d 13.
 {¶ 15} In the instant case, we find no evidence showing that the trial court failed to review and consider Bradley's petition in its entirety. The record reveals that the trial court adopted the State's proposed findings of fact and conclusions of law and issued them as its own. Thus, Bradley has failed to demonstrate any prejudice from the trial court's adoption of the proposed findings of fact and conclusions of law submitted by the State. The trial court's findings and conclusions adequately apprise Bradley and this court of the basis for the denial of the claims for relief in his petition. *Page 7 
See Thomas.
 {¶ 16} Accordingly, the second assignment of error is overruled.
 {¶ 17} Judgment is affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ANTHONY O. CALABRESE, JR., J., and KENNETH A. ROCCO, J., CONCUR *Page 1