McGee Brown, J.,
concurring.
{¶ 26} I concur in the opinion of the majority but write separately to address the jurisdictional theory of the dissent. The dissent seems to argue that our precedent allows us to find jurisdiction where it is not provided by statute. In *9 Ohio, juvenile courts are creatures of statute with limited jurisdiction set by the General Assembly. See In re Agler, 19 Ohio St.2d 70, 72-74, 249 N.E.2d 808 (1969). Consequently, only the General Assembly can expand the jurisdiction of the juvenile court to address the gap in the serious-youthful-offender scheme that this case illustrates.
{¶ 27} It is helpful to understand the long history of this ease. J.V. initially was sentenced on June 17, 2005, when he was 17 years old. He received a blended sentence consisting of a juvenile sentence and an adult sentence that allowed him to spend the first portion of his sentence in the Ohio Department of Youth Services (“ODYS”). The juvenile court in imposing this sentence failed to correctly notify J.V. of his postrelease-control obligations or to include post-release control in its judgment entry.
{¶ 28} On May 18, 2006, the Eighth District reversed the juvenile court, finding that J.V.’s first sentencing entry did not correctly reflect the length of his sentence as established at the disposition hearing. In re J.V., 8th Dist. Nos. 86849 and 86850, 2006-Ohio-2464, 2006 WL 1351647. The appellate court remanded the case to the juvenile court with instructions to correct the sentence. The juvenile court resentenced J.V. on January 5, 2007. At this point, J.V. was 18, and the juvenile court failed for the second time to correctly impose postrelease control. J.V. did not appeal this entry.
{¶ 29} On February 5, 2009, the juvenile court imposed the adult portion of J.V.’s sentence. J.V. was now 20. For the third time, the juvenile court did not correctly impose postrelease control. The Eighth District once again reversed and on January 14, 2010, remanded the case to the juvenile court for resentencing. However, by this date, J.V. was 21 years old.
{¶ 30} With respect to each of these sentencing entries, there is no dispute that the juvenile court had jurisdiction under R.C. 2152.02(C)(6) to impose postrelease control as required by law. But the juvenile court did not correctly impose postrelease control until February 12, 2010, when J.V. was nearly 22 and the juvenile court no longer had jurisdiction over the case.
{¶ 31} Contrary to the argument of the dissent, neither the juvenile court nor this court has authority to grant jurisdiction when there is none. This is the province of the legislature. We simply do not have authority to uphold the juvenile court’s exercise of jurisdiction when it was contrary to the express language of R.C. 2152.02(C)(6).
{¶ 32} This case has revealed a gap in the law that should be addressed by the legislature. This is an unfortunate result that was not intended by the legislature. However, the error here is not the juvenile’s exercise of his right of appeal.
{¶ 33} I respectfully concur in the majority opinion.
O’Connor, C.J., and Cupp, J., concur in the foregoing opinion.