[Cite as *In re T.L.*, 2014-Ohio-1840.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 100328**

---

# IN RE: T.L.
# A Minor Child

---

**JUDGMENT:**
AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Juvenile Division
Case No. DL 08123944

**BEFORE:** Rocco, J., Jones, P.J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** May 1, 2014

**ATTORNEY FOR APPELLANT**

Sheryl Trzaska
Assistant State Public Defender
Office of the Public Defender
250 E. Broad Street, Suite 140
Columbus, Ohio 43215

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
By: Fallon Radigan
        Daniel T. Van
        Katherine Mullin
Assistant County Prosecutors
Justice Center - 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

KENNETH A. ROCCO, J.:

{¶1} In this case involving a Serious Youthful Offender ("SYO"), appellant T.L. appeals from the juvenile court's denial of his motion to vacate a void sentence. For the reasons that follow, we affirm.

{¶2} On June 10, 2008, T.L. appeared in juvenile court and admitted to two counts of aggravated robbery (R.C. 2911.01(A)(1)), with corresponding firearm specifications (R.C. 2941.141; R.C. 2941.145), and a SYO specification (R.C. 2152.11).

{¶3} According to the hearing transcript from June 10, 2008, T.L. agreed to a three-year commitment in an Ohio Department of Youth Services ("ODYS") facility. T.L. further indicated that he understood that he could be incarcerated for ten more years in an adult facility following his commitment in the ODYS facility. At the time that T.L. entered into the plea agreement, T.L. was subject to a mandatory bindover, meaning T.L.'s case would be transferred and he would be tried as an adult. In light of this fact, it appears that T.L.'s counsel struck a good bargain for him in negotiating these terms. At this time, T.L. was 16 years old.

{¶4} On June 19, 2008, the juvenile court entered two journal entries. One journal entry set forth that T.L. was adjudged delinquent and that T.L. had agreed to a three-year commitment to ODYS and to a SYO finding. The second journal entry set forth that T.L. was committed to ODYS for one year on each count of aggravated robbery

and for one year on the firearm specification, all to run consecutively. T.L. did not appeal from these orders.

{¶5} On January 23, 2009, the juvenile court entered a nunc pro tunc journal entry. That journal entry stated that the original journal entry had been incomplete. The order set forth that T.L. was a SYO and then stated as follows:

> [T.L.] is sentenced to a minimum term of ten (10) years imprisonment for all counts of the complaint on the adult portion of the [SYO] sentence pursuant to Chapter 2929 of the Ohio Revised Code.
> IT IS FURTHER ORDERED that the [SYO] sentence is stayed pending successful completion of the juvenile disposition towards the total adult prison sentence of ten (10) years if the adult sentence is invoked.
> * * *

T.L. did not file an appeal.

{¶6} On May 11, 2011, the juvenile court conducted a hearing and granted the state's motion to invoke the adult portion of the SYO disposition. The juvenile court sentenced T.L. to the Department of Rehabilitation and Correction. The sentence included three years for each count of aggravated robbery, to be served concurrently with one another and consecutive to a three-year firearm specification. At this point, T.L. was 19 years old. T.L. did not file a notice of appeal from this sentence.

{¶7} Then, on May 16, 2013, shortly after T.L. turned 21 years old, he filed in the juvenile court a motion to vacate a void sentence. The juvenile court denied the motion and this appeal follows. T.L. sets forth two assignments of error for our review:

> I. The juvenile court committed plain error by invoking T.L.'s SYO prison terms based on conduct that occurred before T.L. was serving a legally valid SYO disposition, and because T.L. had insufficient notice of the

prison term he would serve if he did not successfully complete his juvenile disposition.

II. Defense counsel rendered ineffective assistance by failing to object to the imposition of a void sentence.

**{¶8}** In his first assignment of error, T.L. makes a number of arguments supporting his contention that he is serving a void sentence. But we need not address those arguments, because the juvenile court lacked jurisdiction to consider the motion that is the subject of this appeal.

**{¶9}** The Ohio Supreme Court has held that under R.C. 2152.02(C)(6), the SYO statute, "juvenile courts do not have jurisdiction over adjudicated delinquents once they are 21 years old." *In re J.V.*, 134 Ohio St.3d 1, 2012-Ohio-4961, 979 N.E.2d 1203, ¶ 23. In *In re J.V.*, the juvenile was 17 years old when he received a blended juvenile and adult sentence. This court reversed the juvenile court because the journal entry did not correctly reflect the length of J.V.'s sentence as established at the disposition hearing. *In re J.V.*, 8th Dist. Cuyahoga Nos. 86849 and 86850, 2006-Ohio-2464. On remand, the juvenile court attempted to correct the sentence. At this point, the juvenile was 18 years old. In this entry, the juvenile court failed to correctly impose postrelease control, but J.V. did not appeal. Later, the juvenile court imposed the adult portion of J.V.'s sentence, who was then 20. Again, the juvenile court did not correctly impose postrelease control. J.V. appealed. This court once again reversed and remanded the case to the juvenile court for resentencing. *In re J.V.*, 8th Dist. Cuyahoga No. 92869, 2010-Ohio-71.

**{¶10}** On remand, the juvenile court issued its disposition. By this point, J.V. was 21 years old. J.V. appealed again to this court, which affirmed. *In re J.V.*, 8th Dist. Cuyahoga No. 94820, 2010-Ohio-5490. But the Ohio Supreme Court subsequently reversed, determining that the juvenile court's latest disposition was void, because the juvenile court lacked jurisdiction over J.V. once he turned 21 years old:

> J.V. turned 21 on March 11, 2009. Accordingly, the juvenile court had no jurisdiction over him after that date. Nevertheless, in February 2010, it held a de novo sentencing hearing to correct the original juvenile disposition, which did not mention postrelease control. At that time, the juvenile court imposed the adult sentence and added postrelease control. Based on the plain language of R.C. 2152.02(C)(6), the juvenile court did not have jurisdiction over J.V. There can be no doubt that the juvenile court acted outside its jurisdiction and therefore that the disposition issued in February 2010 is void.

*In re J.V.*, 134 Ohio St.3d 1, 2012-Ohio-4961, 979 N.E.2d 1203, at ¶ 24.

**{¶11}** Justice O'Donnell concurred in part and dissented in part, expressing concern that

> serious youthful offenders now have an incentive to appeal any blended sentence imposed in the hopes of delaying the appeal long enough to divest the juvenile court of jurisdiction to invoke the adult portion of the blended sentence.

*Id.* at ¶ 45.

**{¶12}** Applying *In re J.V.* to the instant case leads us to conclude that the juvenile court lacked jurisdiction to consider T.L.'s motion to vacate a void sentence. T.L. never filed a direct appeal from the juvenile court disposition nor from the juvenile court's entry invoking the adult portion of his sentence. Then, more than two years after the juvenile

court invoked the adult portion of T.L.'s sentence, and after T.L. turned 21 years old, he collaterally attacked that sentence by filing the motion to vacate a void sentence.

{¶13} But at that point, the juvenile court no longer had jurisdiction over his case. Accordingly, the juvenile court was without the authority to grant T.L. the relief he sought when he filed his motion to vacate a void sentence. Because T.L. is appealing from a motion that the juvenile court was without authority to consider, we cannot consider T.L.'s arguments on appeal. We, therefore, overrule the first assignment of error.

{¶14} In his second assignment of error, T.L. argues that his counsel was ineffective in failing to object to the imposition of a void sentence. We overrule the assignment of error because it is barred under the doctrine of res judicata.

{¶15} T.L. asserts that, had his defense counsel objected at the hearing on May 11, 2011, and argued that the juvenile court was not permitted to impose the adult portion of his sentence, the juvenile court could not have imposed the adult portion of his sentence, and T.L. would not be serving what he argues is a void prison term.

{¶16} When an appellant's ineffective assistance of counsel claim does not rely on evidence outside of the record, the claim should be filed on direct appeal or else it is barred under the doctrine of res judicata. *State v. Patrick*, 8th Dist. Cuyahoga No. 99418, 2013-Ohio-5020, ¶ 10; *see also State v. Sturdivant*, 8th Dist. Cuyahoga No. 98747, 2013-Ohio-584, ¶ 13 ("The doctrine of res judicata precludes a convicted defendant from raising an issue in a motion for postconviction relief if he or she could

have raised the issue on direct appeal.")   Here T.L.'s ineffective assistance of counsel argument does not rely on any extra-record evidence.   T.L. never filed a direct appeal in this case.   Accordingly, he is now barred from raising this issue.

{¶17} Furthermore, even if T.L. had not been required to file a direct appeal to raise the issue of ineffective assistance of counsel, we still would not consider this assignment of error because the time has elapsed for filing   a postconviction petition as well.   Under R.C. 2953.21(A), T.L. could file a petition for postconviction relief in the juvenile court "no later than one hundred eighty days after the expiration of the time for filing the appeal."   T.L. has never filed a petition for postconviction relief in the juvenile court and is now raising the issue of ineffective assistance of counsel for the first time in this court — approximately two years after the time for filing the petition expired. Finally, none of the statutory exceptions to the time limit apply in this case.   *See* R.C. 2953.21(A)(2).   Because we cannot consider T.L.'s ineffective assistance of counsel argument, we overrule the second assignment of error.

{¶18} We affirm the final judgment of the juvenile court.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KENNETH A. ROCCO, JUDGE

LARRY A. JONES, SR., P.J., and
PATRICIA ANN BLACKMON, J., CONCUR