[Cite as *State v. Brown*, 2014-Ohio-4008.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | CASE NO.   13 MA 176 |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| VS. | ) | O P I N I O N |
| | ) | |
| MILOUS BROWN, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:     Criminal Appeal from Common Pleas
                              Court, Case No. 09CR557.

JUDGMENT:                     Affirmed.


APPEARANCES:
For Plaintiff-Appellee:       Attorney Paul Gains
                              Prosecuting Attorney
                              Attorney Ralph Rivera
                              Assistant Prosecuting Attorney
                              21 West Boardman Street, 6th Floor
                              Youngstown, Ohio  44503

For Defendant-Appellant:      Milous Brown, *Pro se*
                              #603-569
                              Belmont Correctional Institution
                              P.O. Box 540
                              St. Clairsville, Ohio  43950

JUDGES:
Hon. Joseph J. Vukovich
Hon. Gene Donofrio
Hon. Mary DeGenaro

                              Dated:  September 11, 2014

[Cite as *State v. Brown*, 2014-Ohio-4008.]
VUKOVICH, J.

{¶1} Defendant-appellant Milous Brown appeals the decision of the Mahoning County Common Pleas Court finding that Brown's petition for postconviction relief was untimely. The issue in this case is whether the trial court correctly determined that the petition was untimely. For the reasons expressed below, the judgment of the trial court is hereby affirmed.

Statement of the Case

{¶2} In May 2009, Brown was indicted on two counts of gross sexual imposition and one count of rape. The gross sexual imposition counts were severed from the rape count. The gross sexual imposition counts were tried first before a jury and resulted in convictions on both counts. We affirmed that decision. *State v. Brown*, 7th Dist. No. 11MA117, 2013-Ohio-5528 (*Brown I*).

{¶3} The rape count was tried separately in June 2012. Following a bench trial, the court found Brown guilty of the lesser included offense of gross sexual imposition. Brown appealed that decision to this court. *State v. Brown*, 7th Dist. No. 12MA118.

{¶4} In addition to filing an appeal from the June 2012 conviction, Brown filed a petition for postconviction relief on July 22, 2013. Brown asserted four reasons why his petition for postconviction relief should be granted. First, he contended that the conviction was based on insufficient evidence and that it was against the manifest weight of the evidence. The basis for this claim was the alleged new evidence that was submitted by means of affidavits attached to the petition; he contends that the victim perjured herself and the affidavits prove this. The second basis for the petition was that the trial court violated the petitioner's rights when it found him guilty of the lesser included offenses since he was not indicted on that charge. Third, he contended that the trial court abused its discretion when it sentenced him to a maximum term and ordered that term to be served consecutive to the previous counts. Fourth, he argued that trial counsel was ineffective.

{¶5} The state responded to this petition by filing a motion to dismiss. 08/20/13 Motion. In that motion, the state asserted that Brown's petition was untimely

and that he did not present competent and credible evidence dehors the record of his actual innocence or a constitutional violation in the trial court proceedings. 08/20/13 Motion.

**{¶6}** After considering the petition and motion, the trial court granted the motion to dismiss. 10/23/13 J.E. Without holding a hearing, it found that the petition was untimely. It stated, "Because he has not shown he was unavoidably prevented from discovering the facts upon which his petition is based or that the United States Supreme Court has recognized a new retroactive right, his petition is ordered dismissed." 10/23/13 J.E.

**{¶7}** Brown appeals from that decision.

<u>Assignment of Error</u>

**{¶8}** "The trial court erred when it denied the appellants [sic] post conviction relief petition as untimely."

**{¶9}** R.C. 2953.21 and R.C. 2953.23 govern petitions for postconviction relief. Under R.C. 2953.21, relief from a judgment or sentence is available for a person convicted of a criminal offense who shows that "there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States[.]"

**{¶10}** A petition for postconviction relief does not allow a defendant to rehash the direct appeal of his criminal conviction, and only allows for a collateral civil attack on the judgment. *State v. Gondor,* 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 48, quoting *State v. Steffen,* 70 Ohio St.3d 399, 410, 639 N.E.2d 67 (1994). Postconviction relief is a narrow remedy, and res judicata bars any claim that was or could have been raised at the time of trial or on direct appeal. *Steffen* at 410. Thus, issues properly raised in a postconviction petition are those which could not have been raised on direct appeal because the evidence supporting the issue is outside the record. *State v. Milanovich,* 42 Ohio St.2d 46, 50, 325 N.E.2d 540 (1975).

**{¶11}** Except as otherwise provided in R.C. 2953.23, a postconviction petition must be filed no later than 180 days after the date on which the trial transcript is filed in the court of appeals in the direct appeal. R.C. 2953.21(A)(2).

**{¶12}** R.C. 2953.23(A) prohibits a trial court from considering a petition filed outside the time limits set forth in R.C. 2953.21 unless (1) the petitioner shows that he was unavoidably prevented from discovering the facts upon which his claim for relief is based, or (2) after the 180–day time period expired, the United States Supreme Court recognized a new federal or state right that applies retroactively to the petitioner and is the basis of his claim for relief. R.C. 2953.23(A)(1)(a). After making one of those two showings, the petitioner must then show "by clear and convincing evidence that, but for constitutional error at trial, no reasonable fact finder would have found [him] guilty of the offense of which [he] was convicted." R.C. 2953.23(A)(1)(b). Unless the petitioner satisfies the requirements of R.C. 2953.23(A), the trial court lacks jurisdiction to consider an untimely or successive petition for postconviction relief. *State v. Haschenburger,* 7th Dist. No. 08MA223, 2009-Ohio-6527, ¶ 12; *State v. Kemp,* 7th Dist. No. 09MA21, 2009-Ohio-6399, ¶ 14.

**{¶13}** Here, the petition was clearly filed beyond the 180 day time limit. In the direct appeal, the trial transcript was filed October 22, 2012. The petition for postconviction relief was not filed until July 2013.

**{¶14}** Furthermore, the issues raised in the postconviction petition (that did not rely on allegedly newly discovered evidence) were barred by res judicata. As aforementioned, the issues raised in the postconviction petition were sufficiency and manifest weight of the evidence, being found guilty of a lesser included offense, maximum and consecutive sentences, and ineffective assistance of counsel claims. All of these issues could have been raised in the direct appeal. *State v. Damron*, 4th Dist. No. 10CA3158, 2010-Ohio-6459, ¶ 21 (manifest weight argument raised in petition for postconviction relief was barred by res judicata because it could have been raised in the direct appeal); *State v. Bradley*, 8th Dist. No. 88163, 2007-Ohio-2642, ¶ 10 (argument that evidence supporting conviction is insufficient could have been raised in direct appeal and therefore, is barred by res judicata when raised in petition for postconviction relief); *State v. Tillman*, 6th Dist. No. H-02-049, 2003-Ohio-4216, ¶ 11-12, 22 (maximum sentence issue is barred by res judicata for purposes of postconviction relief because it could have been raised in direct appeal); *In re T.L.*, 8th

Dist. No. 100328, 2014-Ohio-1840, ¶ 16 (ineffective assistance of counsel claim that does not rely on evidence outside of the record should be filed on direct appeal or else it is barred under the doctrine of res judicata); *State v. Love*, 11th Dist. No. 2007-L-030, 2007-Ohio-6256, ¶ 14 (issues regarding lesser included offense could have and should have been raised in direct appeal). In fact, sufficiency and manifest weight arguments were raised in the direct appeal.

{¶15} That said, the sufficiency and the manifest weight argument raised in the petition for postconviction relief appear to be supported in part by a claim of newly discovered evidence. As stated above, a claim of newly discovered evidence can, potentially, allow a trial court to consider an otherwise untimely petition. However, in order for the claim to be considered, the petitioner must show that he was unavoidably prevented from discovering the facts upon which his claim for relief is based. R.C. 2953.23(A)(1)(a). He must then show "by clear and convincing evidence that, but for constitutional error at trial, no reasonable fact finder would have found [him] guilty of the offense of which [he] was convicted." R.C. 2953.23(A)(1)(b).

{¶16} Brown fails to meet this standard because the petition filed with the trial court is devoid of any indication of how or why he was unavoidably prevented from discovering the alleged newly discovered evidence. In order for the trial court to be permitted to consider the untimely petition on its merits, he had to at least make that showing. *State v. Moore*, 7th Dist. No. 12MA197, 2013-Ohio-4000, ¶ 26 (trial court lacks jurisdiction to proceed on a petition that is untimely and fails to provide any reasons for the delay or satisfy any of the grounds for filing an untimely petition). Brown, now on appeal, attempts to offer a reason why he was unavoidably prevented from discovering the alleged new evidence. However, this type of argument cannot be presented for the first time on appeal. *See State ex rel. Gibson v. Indus. Comm.,* 39 Ohio St.3d 319, 320, 530 N.E.2d 916 (1988) (cannot raise argument for first time on appeal). Therefore, the trial court correctly determined that the petition was untimely and that finding renders it unnecessary to make any inquiry into its merits. *State v. Stores,* 7th Dist. No. 12MA174, 2013–Ohio–4361 citing *State v. Bryan,* 7th Dist. No. 04MA109, 2005–Ohio–5054, ¶ 6.

**{¶17}** That said, even if we could look past that deficiency it is unlikely that this court could find that the information in the affidavits is newly discovered evidence. To reach this conclusion, a discussion of the facts is appropriate.

**{¶18}** The victim testified that sometime after Memorial Day 2006 but before July 20, 2006, Brown, his girlfriend Julie Mulac and her children came to the victim's house to go swimming for a birthday party. The victim indicated that she and Brown were alone in the pool when Brown inappropriately touched her. She indicated that no one but her and Brown were outside. The victim stated that she got away from Brown and ran screaming to her mother, however, she did not immediately tell her mother what happened. After the incident the victim's mother told Mulac and Brown it was time for them to leave and they left. The victim told her mother about the incident a few days later by writing it down. The victim's mother then called the police.

**{¶19}** Mulac testified at trial on Brown's behalf. She stated that Brown never got in the pool, but later contradicted that testimony by admitting to see Brown in the swimming pool. She also testified that the only interaction she saw between Brown and the victim was Brown tossing the child in the pool like he did with every other child there. Mulac further claimed that at no time did the victim scream or call for her mother.

**{¶20}** The affidavits of Elaina Mulac, Drake York, Julie Mulac, Justin Mulac, and Joyce Pratt, that are attached to the petition, mirror the testimony Mulac provided. These five affidavits are identical to each other; all affiants stated that they were at the party, that they never saw Brown alone with anyone at the party, they never saw him alone with the victim, they never saw him in the swimming pool, they never heard the victim scream for help, and they did not see Brown in any swimming trunks or other swimming apparel.

**{¶21}** Accordingly, considering the information in these affidavits, this is not newly discovered evidence that he was unavoidably prevented from discovering. Brown knew of these people being at the party and being potential witnesses. Thus, he was not unavoidably prevented from discovering the information that was in the affidavits.

**{¶22}** Furthermore, the language of R.C. 2953.23(A)(1)(a) specifically provides that petitioner must show that he "was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief." This rule insinuates that the evidence must be new evidence. The evidence here is not new evidence, it is merely cumulative of evidence that was already produced at trial. It has been explained that a trial court acts within its authority to deny a postconviction petition without a hearing when the evidence presented is merely cumulative to evidence presented at trial. *State v. Turner,* 10th Dist. No. 04AP–1143, 2006–Ohio–761, at ¶ 33. See also *State v. Brown*, 186 Ohio App.3d 309, 2010-Ohio-405, 927 N.E.2d 1133, ¶ 19 (7th Dist.), citing *State v. Petro* (1947), 148 Ohio St. 505, 76 N.E.2d 370 (1947) (postconviction Crim.R. 33 motion for new trial provides that a defendant seeking a new trial based on the ground of newly discovered evidence bears the burden of demonstrating to the trial court, among other factors, that the new evidence is not merely cumulative to former evidence).

**{¶23}** Therefore, for all the above reasons, the sole assignment of error lacks merit. The judgment of the trial court to dismiss the petition for postconviction relief is hereby affirmed.

Donofrio, J., concurs.
DeGenaro, P.J., concurs.