JOURNAL ENTRY AND OPINION
{¶ 1} The trial court found appellant, Isaac Sturdivant ("Sturdivant"), guilty of multiple counts of drug possession and drug trafficking, as well as one count of possession of criminal tools, and he was sentenced to 15 years in prison. Sturdivant was arrested for his involvement in a buy-bust operation for the sale of cocaine and many items were seized (and later forfeited) as a result of his arrest.
 {¶ 2} With the use of a wired informant, the police arrested Sturdivant and Troy Jackson ("co-defendant") after listening to the drug transaction, following Sturdivant and his co-defendant in Sturdivant's red Yukon to a garage, observing two males flee from the car, and seeing Sturdivant throw a bag of cocaine on the ground. During the police investigation, Sturdivant informed them that people were at his house and that he had at least $10,000 in cash at his house. When the police arrived at his house to secure the premises, Sturdivant showed them which key opened the door and, in fact, opened the door for them to enter. The police began searching for people and Sturdivant informed them that he had some cocaine in the kitchen. At some point, Sturdivant signed a consent to search form, but the police had obtained a search warrant. Pursuant to the search warrant, the police discovered multiple bags of cocaine, approximately $36,000 in cash tucked away in shoes and clothes, scales with cocaine residue, cell phones, and a computer. The police also discovered crack cocaine and marijuana in Sturdivant's red Yukon and his Cadillac.
 {¶ 3} Sturdivant filed a motion to suppress the evidence seized from the various searches. After a suppression hearing, the trial court denied the motion. Once Sturdivant was convicted and sentenced, the trial court ordered the forfeiture of the contraband of $36,000 cash, scales, Yukon, and Cadillac and further ordered that the cell phones and the computer be returned to Sturdivant and his family. Sturdivant now appeals the trial court's denial of his motion to suppress and the trial court's order of forfeiture.
 I {¶ 4} Sturdivant cites three assignments of error relating to his motion to suppress, but the gravamen of his appeal is that the trial court erred in denying his motion to suppress. In support, Sturdivant contends that the trial court improperly inferred that he consented to a search of his house and failed to set forth on the record its findings for denying his motion to suppress. Sturdivant's contentions lack merit.
 {¶ 5} Generally, searches and seizures conducted without a warrant are unreasonable under the Fourth Amendment. There are, however, exceptions to this general rule, such as: "(1) an emergency situation, (2) [a] search incident to an arrest, (3) [a] `hot pursuit' and (4) easily destroyed or removed evidence."State v. Lushch (Dec. 1, 1994), Cuyahoga App. No. 66395, citingState v. Bowe (1988), 52 Ohio App.3d 112, 113-114,557 N.E.2d 139.
 {¶ 6} As this court understands Sturdivant's argument,[1] the issue on appeal is whether the "easily destroyed or removed evidence" exception applies to the first warrantless search of his home. Under this exception, the police "must show an objectively reasonable basis for concluding that the loss or destruction of evidence is imminent." State v.King, Cuyahoga App. No. 80753, 2003-Ohio-1143, ¶ 17, quotingState v. Baker and Bakey (Apr. 25, 1991), Cuyahoga App. Nos. 60352, 60353, citing United States v. Sangineto-Miranda (C.A.6, 1988), 859 F.2d 1501, 1512. As stated in King:
 {¶ 7} "A police officer can show an objectively reasonable belief that contraband is being, or will be, destroyed within a residence if he or she can demonstrate: 1) a reasonable belief that third parties are inside the dwelling; and 2) a reasonable belief that these third parties may soon become aware the police are on their trail so that the destruction of evidence would be in order." 2003-Ohio-1143, at ¶ 17.
 {¶ 8} Here, the police had an objectively reasonable belief that the destruction of evidence was imminent. First, Sturdivant's co-defendant told the police that it was likely that Sturdivant had drugs in the house where he parked his Cadillac. Second, Sturdivant, who had just been arrested for throwing four and a half ounces of cocaine on the ground and having additional cocaine in the Yukon, informed the police that there were people in his house and that he had at least $10,000 cash there. Finally, two males ran out of the Yukon and were not apprehended, which supports a reasonable belief that those two males could instantly spread the word to those in the house that there was a drug bust, placing any additional evidence at the risk of destruction. Based on these facts, the destruction of evidence exception authorized the initial search of Sturdivant's home without a warrant.
 {¶ 9} After the initial search, the police obtained a search warrant. Again, as this court understands Sturdivant's argument, the issue is that the affidavit submitted in support of the search warrant lacked probable cause. In making the determination whether there is sufficient probable cause in the affidavit to support the search warrant, the United States Supreme Court held in Illinois v. Gates (1983), 462 U.S. 213, 238-239,103 S.Ct. 2317, 76 L.Ed.2d 527, as follows:
 {¶ 10} "The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the `veracity' and `basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a `substantial basis for . . . [concluding]' that probable cause existed." See, also, State v. Montgomery (Sept. 17, 1987), Cuyahoga App. No. 52575 (holding that the trial court had a substantial basis for concluding that probable cause existed for a search warrant where an informant purchased drugs from defendant's house, there were complaints that drug activity was occurring in and around defendant's house, and police surveillance indicated drug activity in defendant's house).
 {¶ 11} Here, the affidavit submitted in support of the search warrant specifically detailed the entire drug transaction that occurred between Sturdivant, his co-defendant, and the informant, as well as the additional incriminating information obtained from Sturdivant and his co-defendant pursuant to their arrest. It also included that Sturdivant threw four and a half ounces of cocaine on the ground, which tested positive, that additional cocaine was discovered in the Yukon, that Sturdivant signed a consent form to search his kitchen, and the police discovered suspected cocaine in a jar in the kitchen. These averments support a belief that Sturdivant dealt drugs and that additional drugs could be found in other areas of his home. Based on the totality of the averments in the affidavit, the trial court had a substantial basis for concluding that probable cause existed for the search warrant of Sturdivant's home.
 {¶ 12} Finally, there is no evidence in the record that the trial court based its decision to deny Sturdivant's motion to suppress simply because Sturdivant consented to the initial search of his home. Indeed, regardless of Sturdivant's consent by either opening the door to his house or by signing the consent to search form, the record is more than sufficient to support the initial warrantless search of the home and the probable cause submitted in the affidavit for the search warrant. Thus, Sturdivant's first, second, and third assignments of error are overruled and the trial court's denial of his motion to suppress is affirmed.
 II {¶ 13} For his fourth and final assignment of error, Sturdivant contends that the trial court arbitrarily ordered the forfeiture of his two vehicles, the $36,000 cash, and the scales based solely on finding him guilty of possession of criminal tools. However, Sturdivant's contention lacks merit.
 {¶ 14} R.C. 2933.43(C) provides in pertinent part as follows:
 {¶ 15} "When a hearing is conducted under this section, property shall be forfeited upon a showing, by a preponderance of the evidence, by the petitioner that the person from which the property was seized was in violation of division (A) of section2933.42 of the Revised Code. If that showing is made, the court shall issue an order of forfeiture."
 {¶ 16} R.C. 2933.42 provides in pertinent part as follows:
 {¶ 17} "(A) No person shall possess, conceal, transport, receive, purchase, sell, lease, rent, or otherwise transfer any contraband.
 {¶ 18} "(B) For purposes of section 2933.43 of the Revised Code, if a watercraft, motor vehicle, aircraft, or other personal property that is not within the scope of the definition of contraband in section 2901.01 of the Revised Code is used in a violation of division (A) of this section, the watercraft, motor vehicle, aircraft, or personal property is contraband and, if the underlying offense involved in the violation of division (A) of this section is a felony, is subject to seizure and forfeiture pursuant to section 2933.43 of the Revised Code. It is rebuttably presumed that a watercraft, motor vehicle, aircraft, or other personal property in or on which contraband is found at the time of seizure has been, is being, or is intended to be used in a violation of division (A) of this section."
 {¶ 19} Here, at the scene of the drug bust, Sturdivant arrived in a Yukon, which contained marijuana and cocaine. Sturdivant also had cocaine in the Cadillac that was parked at his home and later searched. Sturdivant's two cars contained drugs, which supports a finding that the cars were used to transport contraband and were subject to forfeiture under Ohio law. Likewise, the $36,000 cash found in Sturdivant's shoes and clothes at his home, as well as the scales containing drug residue, support his drug possession, drug trafficking, and possession of criminal tools convictions. There is no evidence in the record that suggests the trial court simply concluded that finding Sturdivant guilty of possession of criminal tools required the forfeiture of the cash, cars, and scales. Indeed, if that was the case, the trial court would not have ordered the cell phones and the computer to be returned to Sturdivant and his family. Thus, Sturdivant's fourth assignment of error is overruled and the trial court's order of forfeiture is affirmed.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Ann Dyke, A.J., and Colleen Conway Cooney, J., concur.
[1] It should be noted that Sturdivant's brief, while submitted in accordance with the appellate rules, contains unnecessary language that seriously clouds his arguments on appeal. As a result, this court is left to decipher some of the issues raised.