[Cite as *State v. Sturdivant*, 2013-Ohio-584.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 98747**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## ISAAC STURDIVANT

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-471689

**BEFORE:** S. Gallagher, P.J., Blackmon, J., and McCormack, J.

**RELEASED AND JOURNALIZED:** February 21, 2013

**FOR APPELLANT**

Isaac Sturdivant, pro se
Inmate No. 494-521
P.O. Box 57
Marion, OH   43301


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By: Diane Smilanick
Assistant Prosecuting Attorney
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, OH   44113

SEAN C. GALLAGHER, P.J.:

**{¶1}** Defendant-appellant, Isaac Sturdivant, appeals, pro se, from the trial court's order that denied his "motion to vacate sentence pursuant to plain error 52(B) violation of double jeopardy clause Ohio Revised Code 2941.25." For the reasons that follow, we affirm.

**{¶2}** In October 2005, appellant was charged with multiple counts of drug possession and drug trafficking, including firearm and major drug offender specifications. Appellant was also charged with having a weapon while under disability and possession of criminal tools. The case proceeded to a bench trial where appellant was found guilty and convicted of multiple counts of drug possession and drug trafficking, as well as one count of possession of criminal tools. Appellant was sentenced to 15 years in prison and appealed. This court affirmed the trial court's judgment in *State v. Sturdivant*, 8th Dist. No. 87498, 2006-Ohio-5451, *discretionary appeal not allowed*, *State v. Sturdivant*, 113 Ohio St.3d 1416, 2007-Ohio-1036, 862 N.E.2d 844; *cert. denied*, *Sturdivant v. Ohio*, 552 U.S. 869, 128 S.Ct. 166, 169 L.Ed.2d 113 (2007). Appellant's motion for reconsideration of that decision was denied.

**{¶3}** On August 5, 2010, appellant filed a motion to correct unlawful sentence, which was denied on August 13, 2010. Appellant then filed a petition for reconsideration, which was denied.

**{¶4}** On October 28, 2011, appellant filed a motion requesting a "merger hearing pursuant to R.C. 2941.25." That motion was also denied.

**{¶5}** On June 15, 2012, appellant filed the motion that is the subject of this appeal, which assigns the following error:

> The Trial Court erred when it failed to grant appellant a hearing on motion to vacate sentence pursuant to 52(B) plain error in violation of Double Jeopardy Clause pursuant to R.C. 2941.25.

**{¶6}** Appellant believes the trial court erred by not merging certain of his convictions, which he asserts are allied offenses of similar import, allegedly resulting in a violation of double jeopardy protections. He did not raise this issue in his direct appeal.

**{¶7}** After having exhausted his direct appeal, appellant sought a merger hearing, invoking plain error as the basis rather than postconviction relief. The former simply does not exist as a basis for relief in this situation. Appellant's motion is, however, properly construed as one for postconviction relief. *State v. Alexander*, 8th Dist. No. 95995, 2011-Ohio-1380, ¶ 12, quoting *State v. Elkins*, 10th Dist. No. 10AP-6, 2010-Ohio-4605, ¶ 8, citing *State v. Reynolds*, 79 Ohio St.3d 158, 679 N.E.2d 1131 (1997), syllabus ("[w]here a criminal defendant, subsequent to a direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for postconviction relief as defined in R.C. 2953.21"); *see also State v. Timmons*, 10th Dist. No. 11AP-895, 2012-Ohio-2079, ¶ 6 (motion filed after a direct appeal seeking to vacate and correct sentences pursuant to R.C. 2941.25 is construed as a petition for postconviction relief).

**{¶8}** Appellant's motion was not filed within the requisite 180 days set forth in R.C. 2953.21(A)(2).[1] The trial transcript was filed in this court on March 1, 2006. Appellant did not file the subject motion until June 15, 2012.

**{¶9}** A trial court may only entertain an untimely petition for postconviction relief under the following circumstances:

> 1) the petitioner shows either that he was unavoidably prevented from discovering the facts upon which he relies in his petition, or that the United States Supreme Court has, since the expiration of the period for timely filing, recognized a new federal or state right that applies retroactively to the petitioner; and 2) the petitioner shows by clear and convincing evidence that a reasonable factfinder would not have found him guilty but for constitutional error at trial.

*State v. Sharif*, 8th Dist. No. 79325, 2001 Ohio App. LEXIS 4354 (Sept. 27, 2001).

**{¶10}** Because appellant attempted to avoid the application of the postconviction relief provisions, he did not discuss the timeliness of his motion in that regard. Instead, appellant relies on *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, which addressed the ability of the offender to pursue a direct appeal from a sentence that was jointly recommended by the parties in light of the provisions set forth in R.C. 2953.08(D)(1).

**{¶11}** R.C. 2953.08(D)(1) provides that

> [a] sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly

---

[1] "[A] petition * * * shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication * * *."

by the defendant and the prosecution in the case, and is imposed by a sentencing judge.

The Ohio Supreme Court concluded that R.C. 2953.08(D)(1) does not bar a convicted defendant from pursuing a *direct* appeal of his jointly recommended sentence based on the trial court's alleged failure to merge allied offenses of similar import. The court reasoned that such a sentence would not be "authorized by law," which is an explicit requirement for triggering the provisions of R.C. 2953.08(D)(1). *Id.* at ¶ 21.

**{¶12}** *Underwood* does not apply in this case where the appellant did pursue a direct appeal.[2]  Appellant, however, did not raise this issue in his direct appeal.

**{¶13}** Appellant's allied offense argument is not based on any new evidence or a new federal or state right that applies retroactively to him. *See Alexander*, 8th Dist. No. 95995, 2011-Ohio-1380, at ¶ 15. Appellant has not offered any reason why he did not file his petition within the 180-day time limit for seeking postconviction relief. In fact, appellant could have, but did not, raise this issue in his direct appeal. The doctrine of res judicata precludes a convicted defendant from raising an issue in a motion for postconviction relief if he or she could have raised the issue on direct appeal. *Id.* at ¶ 16, citing *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), at paragraph nine of the syllabus; *see also Timmons*, 10th Dist. No. 11AP-895, 2012-Ohio-2079, at ¶ 12.

---

[2]  Furthermore, the exceptions to the time limits for filing a petition for postconviction relief do not include a decision from the Ohio Supreme Court. *Timmons*, 10th Dist. No. 11AP-895, 2012-Ohio-2079, at ¶ 9 ("R.C. 2953.23(A)(1)(a) requires a decision from the United States Supreme Court, not one from the Ohio Supreme Court.").

**{¶14}** The more recent developments in Ohio's jurisprudence concerning merger of allied offenses of similar import cannot be applied retroactively to appellant.

> [A] new judicial ruling may be applied only to cases that are pending on the announcement date. * * * The new judicial ruling may not be applied retroactively to a conviction that has become final, i.e., where the accused has exhausted all of his appellate remedies.

*Ali v. State*, 104 Ohio St.3d 328, 2004-Ohio-6592, 819 N.E.2d 687, ¶ 6.

**{¶15}** Appellant exhausted all of his appellate remedies by appealing to both the Ohio Supreme Court and the United States Supreme Court. His conviction was final upon the United States Supreme Court's denial of certiorari in 2007, well before the Ohio Supreme Court announced its decisions in *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061, and *Underwood,* 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923. Accordingly, appellant's arguments are barred by res judicata. *State v. Hickman*, 5th Dist. No. 11-CA-54, 2012-Ohio-2182, ¶ 17; *Timmons* at ¶ 13; *Alexander* at ¶ 17.

**{¶16}** Appellant did not file a timely motion for postconviction relief and has failed to establish the existence of any exception under R.C. 2953.23(A). The trial court lacked jurisdiction to consider appellant's motion to vacate and, therefore, properly denied it. Appellant's assignment of error is overruled.

**{¶17}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

SEAN C. GALLAGHER, PRESIDING JUDGE

PATRICIA ANN BLACKMON, J., and
TIM McCORMACK, J., CONCUR