[Cite as *State v. Logan*, 2014-Ohio-5149.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 101308

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**ROY LOGAN**

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-95-318682-ZA

**BEFORE:** Celebrezze, P.J., Jones, J., and McCormack, J.

**RELEASED AND JOURNALIZED:** November 20, 2014

**FOR APPELLANT**

Roy Logan, pro se
Inmate No. 311-154
Grafton Correctional Institution
2500 South Avon Belden Road
Grafton, Ohio   44044


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY:     Brett Hammond
Assistant Prosecuting Attorney
The Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

FRANK D. CELEBREZZE, JR., P.J.:

{¶1} This cause came to be heard on the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1.

{¶2} Defendant-appellant, Roy Logan, appeals the judgment of the common pleas court denying his motion to vacate his sentence. After a careful review of the record and relevant case law, we affirm.

## I. Procedural History

{¶3} On January 17, 1995, appellant was indicted for aggravated murder in violation of R.C. 2903.01 with firearm specifications, and having a weapon while under disability in violation of R.C. 2923.13 with firearm specifications. Appellant entered into a negotiated plea on July 24,1995. Pursuant to the plea agreement, appellant pled guilty to murder in violation of R.C. 2903.02, as amended in Count 1. The remaining counts were nolled.

{¶4} At sentencing, the trial court sentenced appellant to a prison term of 15 years to life.

{¶5} On March 12, 2014, appellant filed a motion seeking notice of plain error pursuant to the court's lack of subject-matter jurisdiction. In his motion, appellant argued that his 1995 sentence was "illegal and void" because the trial court failed to "indicate that [it] accepted or refused to accept his guilty plea," and unconstitutionally sentenced him to a charge of murder that was not included in the indictment handed down by the grand jury. On March 20, 2014, the trial court denied appellant's motion, stating:

> Defendant's motion is in the nature of a petition for postconviction relief. As such, defendant's motion is untimely. Defendant also fails to establish that he was unavoidably prevented from discovering the facts that he relies upon in making this motion or that a new federal or state right applies retroactively to him. In addition, defendant's claims concerning his sentencing entry and conviction

were available on direct appeal, and he is barred by the doctrine of res judicata from raising the due process issues that were determined upon appeal or which could have been raised at that time. There being no substantial grounds for relief, defendant is not entitled to a hearing upon this motion.

**{¶6}** Appellant now brings this appeal, raising two assignments of error for review.

## II. Law and Analysis

**{¶7}** In his first assignment of error, appellant argues that the trial court abused its discretion by failing to properly consider felony sentencing guidelines when it imposed a 15-year-to-life prison term. In his second assignment of error, appellant argues that the trial court committed prejudicial error when it sentenced him to a charge that was not included in the indictment handed down by the grand jury. We review appellant's first and second assignments of error together.

**{¶8}** Initially, we note that the trial court correctly considered appellant's motion seeking notice of plain error as a petition for postconviction relief. *See State v. Reynolds*, 79 Ohio St.3d 158, 679 N.E.2d 1131 (1997), syllabus. As such, we review the trial court's denial of his petition under an abuse of discretion standard. *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 58. An abuse of discretion implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

**{¶9}** Where, as here, a direct appeal is not taken, a petition for postconviction relief must be filed "no later than one hundred eighty days * * * after the expiration of the time for filing the appeal." R.C. 2953.21(A)(2). In the instant case, the expiration date for appellant's direct appeal from his conviction and sentence was in October 1995. His petition was filed on March 12, 2014 — long after the deadline for doing so had expired.

**{¶10}** R.C. 2953.23(A)(1) permits the filing of a petition beyond the 180-day time limit under limited circumstances. It requires the petitioner to:

> (1) demonstrate either that he was unavoidably prevented from discovering the facts upon which he relied for his claim, or subsequent to the period prescribed in R.C. 2953.21(A)(2) the United States Supreme Court recognized a new state or federal right that applies retroactively to a person in petitioner's position and his or her petition asserts a claim based on that and [sic] right; and (2) show, by clear and convincing evidence, "that but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted."

(Citations omitted.) *State v. Files*, 6th Dist. Lucas No. L-11-1226, 2012-Ohio-3295, ¶ 7.

**{¶11}** Appellant has failed to establish the applicability of this exception. Instead, he merely reasserts the arguments raised in his motion seeking notice of plain error. Accordingly, the trial court was without jurisdiction to address his petition.

**{¶12}** In addition to being time barred, the trial court properly held that appellant's arguments are barred by the doctrine of res judicata. We have held repeatedly that res judicata precludes a convicted defendant from raising an issue in a motion for postconviction relief if he or she raised or could have raised the issue on direct appeal. *State v. Sturdivant*, 8th Dist. Cuyahoga No. 98747, 2013-Ohio-584, ¶ 13, citing *State v. Alexander*, 8th Dist. Cuyahoga No. 95995, 2011-Ohio-1380, ¶ 15; *see also State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), at paragraph nine of the syllabus. Here, the arguments relating to appellant's sentence could have, and should have, been raised in a direct appeal in 1995. Accordingly, we conclude that the trial court did not abuse its discretion in denying appellant's March 12, 2014 motion.

**{¶13}** Appellant's first and second assignments of error are overruled.

**{¶14}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


FRANK D. CELEBREZZE, JR., PRESIDING JUDGE

LARRY A. JONES, SR., J., and
TIM McCORMACK, J., CONCUR