[Cite as *State v. Jordan*, 2011-Ohio-1203.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. Julie A. Edwards, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 2010 CA 0091 |
| SCOTT ANTHONY JORDAN | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:        Appeal from the Richland County Court of
                                Common Pleas, Case No. 2007 CR 0909 H



JUDGMENT:                       AFFIRMED



DATE OF JUDGMENT ENTRY:         March 4, 2011



APPEARANCES:

For Appellant:                          For Appellee:

SCOTT A. JORDAN, #A544-804              JAMES J. MAYER, JR.
Marion Correctional Institution         RICHLAND COUNTY PROSECUTOR
P.O. Box 57
Marion, OH 43301                        BAMBI COUCH PAGE
                                        38 S. Park St.
                                        Mansfield, OH 44902

*Delaney, J.*

{¶1} Defendant-Appellant Scott Anthony Jordan appeals the June 18, 2010 judgment entry of the Richland County Court of Common Pleas denying Appellant's motion to withdraw his guilty plea.

## STATEMENT OF THE CASE[1]

{¶2} On November 11, 2007, the Richland County Grand Jury indicted Appellant on two counts of kidnapping, one count of domestic violence, one count of felonious assault, and one count of attempted murder.

{¶3} Appellant originally pleaded not guilty to the charges, but on May 2, 2008, he entered a plea of guilty to the charge of felonious assault, a second degree felony in violation of R.C. 2903.11(A)(2), in exchange for a recommended eight-year sentence and dismissal of the remaining counts in the indictment. The Admission of Guilt/Judgment Entry states, "Post-release control: If I am sentenced to prison, I have five years post-release control."

{¶4} After taking Appellant's plea, the trial court immediately moved to sentencing. The May 2, 2008 sentencing entry shows the trial court sentenced Appellant to eight years in prison and imposed a five-year term of postrelease control for Appellant's conviction on a second degree felony. R.C. 2967.28(B)(2) mandates that postrelease control for a second degree felony is mandatory for a period of three years.

{¶5} Appellant filed a Notice of Appeal of his sentence on August 11, 2008. This Court dismissed Appellant's appeal for being untimely.

---

[1] A statement of the underlying facts is unnecessary for the disposition of this appeal.

{¶6}    Appellant filed a second Notice of Appeal of his sentence on October 23, 2008.  This Court denied Appellant's motion for leave to file a delayed appeal.

{¶7}    Appellant then filed a petition to vacate or set aside his sentence with the trial court on November 21, 2008.  Appellant argued the trial court erred in imposing the maximum sentence.  The trial court denied Appellant's petition on July 7, 2009.

{¶8}    On March 12, 2010, Appellant filed a motion to withdraw his guilty plea pursuant to Crim.R. 32.1.  Appellant argued he was entitled to withdraw his guilty plea because the trial court erred when it imposed five years of postrelease control instead of three years, therefore rendering his sentence void.  Appellant simultaneously filed a motion for new sentencing hearing pursuant to Ohio Supreme Court mandate in *State v. Singleton*,  124 Ohio St.3d 173, 2009-Ohio-6434, 920 N.E.2d 958.  The State responded to Appellant's motion to withdraw his guilty plea and also requested the trial court conduct a resentencing hearing to correct Appellant's postrelease control.

{¶9}    The record shows the trial court did not hold a resentencing hearing before denying Appellant's motion to withdraw his guilty plea on June 18, 2010.  Appellant filed his Notice of Appeal of that decision on July 13, 2010.

**ASSIGNMENTS OF ERROR**

{¶10}  Appellant raises two Assignments of Error:

{¶11}  "I. THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY ACCEPTING HIS GUILTY PLEA, AS APPELLANT'S PLEA WAS NOT KNOWINGLY, INTELLIGENTLY, AND VOLUNTARILY ENTERED, AND WAS THEREFORE OBTAINED IN VIOLATION OF APPELLANT'S DUE PROCESS RIGHTS UNDER THE FOURTEENTH AMENDMENT TO THE UNITED STATES

CONSTITUTION AND ARTICLE ONE, SECTION SIXTEEN OF THE CONSTITUTION OF THE STATE OF OHIO.

{¶12} "II.   APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL, THEREBY RENDERING HIS CONVICTION VOID UNDER THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE ONE, SECTION TEN AND SIXTEEN OF THE CONSTITUTION OF THE STATE OF OHIO."

**I.**

{¶13}  Appellant argues in his first Assignment of Error that the trial court erred in denying his motion to withdraw his guilty plea because he was not correctly informed of postrelease control.   He also argues that because his sentence is void, the motion to withdraw should be considered a pre-sentence motion to withdraw.   We disagree.

{¶14}  Ohio Crim.R. 32.1 governs the withdrawal of guilty pleas and provides:

{¶15}  "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."

{¶16}  Our review of the trial court's decision under Crim.R. 32.1 is limited to a determination of whether the trial court abused its discretion.  *State v. Caraballo* (1985), 17 Ohio St.3d 66, 477 N.E.2d 627.   In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment.  *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 450 N.E.2d 1140.   "A motion made pursuant to Crim.R. 32.1 is addressed to the

sound discretion of the trial court, and the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by that court." *State v. Smith* (1977), 49 Ohio St.2d 261, 361 N.E.2d 1324, paragraph two of the syllabus. A hearing on a post-sentence motion to vacate a prior plea is not required unless the facts as alleged by the defendant, if accepted as true, would require the plea to be withdrawn. *City of Uhrichsville v. Horne* (Dec. 26, 1996), Tuscarawas App. No. 96AP090059 2001.

{¶17} The first issue is whether Appellant's sentence is void, and therefore his motion to withdraw his guilty plea should be considered a pre-sentence motion. Appellant was sentenced after July 11, 2006. Accordingly, his sentence and the imposition of postrelease control are subject to R.C. 2929.191. Prior to the amendments to R.C. 2967.28 and the enactment of R.C. 2929.191 in July of 2006, no statutory mechanism existed to correct a sentence that failed to comport with requirements for the imposition of postrelease control. *State v. Walker*, 11th Dist. No. 2009-L-170, 2011-Ohio-401, ¶ 20 citing *State v. Singleton,* 124 Ohio St.3d 173, 2009-Ohio-6434, at ¶ 22. The Ohio Supreme Court "determined such sentencing judgments to be contrary to law, thereby rendering them subject to de novo sentencing." Id. (citations omitted). "But with R.C. 2929.191, the General Assembly has now provided a statutory remedy to correct a failure to properly impose postrelease control." Id. at ¶ 23.

{¶18} By amending R.C. 2967.28 and enacting R.C. 2929.191, "[t]he General Assembly has * * * adopted the position that sentences that lack mandatory postrelease control are not void, because this mistake results from a court's error in exercising

jurisdiction, rather than from a lack of its authority to sentence." *Singleton,* 2009-Ohio-6434, at ¶ 61

{¶19} Accordingly, under R.C. 2929.191, Appellant's sentence in this case is not void by the trial court's failure to impose a mandatory three-year term of postrelease control. Because Appellant's sentence is not void, Appellant's motion to withdraw his guilty plea will not be considered a pre-sentence motion. It is therefore proper for the trial court to review Appellant's motion under the manifest injustice standard as found in Crim.R. 32.1.

{¶20} A Crim.R. 32.1 motion is not a challenge to the validity of a conviction or sentence, and instead only focuses on the plea. *State v. Bush,* 96 Ohio St.3d 235, 2002-Ohio-3993, 773 N.E.2d 522, at ¶ 13. Subsequent to the imposition of a sentence, a trial court will only permit a defendant to withdraw his guilty plea in order to correct a manifest injustice. Crim.R. 32.1. A defendant bears the burden of proving a manifest injustice warranting the withdrawal of his guilty plea. *State v. Smith* (1977), 49 Ohio St.2d 261, 3 O.O.3d 402, 361 N.E.2d 1324, paragraph one of the syllabus. "A manifest injustice comprehends a fundamental flaw in the path of justice so extraordinary that the defendant could not have sought redress from the resulting prejudice through any form of application reasonably available to him." *State v. McQueen,* 7th Dist. No. 08 MA 24, 2008-Ohio-6589, at ¶ 7. See, also, *Smith,* supra at 264, 361 N.E.2d 1324.

{¶21} Criminal Rule 11 governs the process of entering a plea. Crim.R. 11(C) provides:

{¶22} "(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:

{¶23} "(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing."

{¶24} In *State v. Fields*, 5th Dist. No. CT2009-0057, 2010-Ohio-6233, this Court analyzed the issue of whether a plea was knowing, voluntary, and intelligent when the trial court notified the defendant that he would receive up to three years of postrelease control, rather than a mandatory term of postrelease control. In finding the defendant's plea was valid, we cited to the Ohio Supreme Court case of *State v. Clark,* 119 Ohio St.3d 239, 2008-Ohio-3748. *Clark* stated:

{¶25} "When a trial judge fails to explain the constitutional rights set forth in Crim.R. 11(C)(2)(c), the guilty or no-contest plea is invalid 'under a presumption that it was entered involuntarily and unknowingly.' *Griggs,* 103 Ohio St.3d 85, 2004-Ohio-4415, 814 N.E.2d 51, ¶ 12; see also *Nero,* 56 Ohio St.3d 106, 107, 564 N.E.2d 474, citing *Boykin,* 395 U.S. at 242-243, 89 S.Ct. 1709, 23 L.Ed.2d 274. However, if the trial judge imperfectly explained nonconstitutional rights such as the right to be informed of the maximum possible penalty and the effect of the plea, a substantial-compliance rule applies. *Id.* Under this standard, a slight deviation from the text of the rule is permissible; so long as the totality of the circumstances indicates that 'the defendant

subjectively understands the implications of his plea and the rights he is waiving,' the plea may be upheld. *Nero,* 56 Ohio St.3d at 108, 564 N.E.2d 474.

{¶26} "When the trial judge does not *substantially* comply with Crim.R. 11 in regard to a nonconstitutional right, reviewing courts must determine whether the trial court *partially* complied or *failed* to comply with the rule. If the trial judge partially complied, e.g., by mentioning mandatory postrelease control without explaining it, the plea may be vacated only if the defendant demonstrates a prejudicial effect. See *Nero,* 56 Ohio St.3d at 108, 564 N.E.2d 474, citing *State v. Stewart* (1977), 51 Ohio St.2d 86, 93, 5 O.O.3d 52, 364 N.E.2d 1163, and Crim.R. 52(A); see also *Sarkozy,* 117 Ohio St.3d 86, 2008-Ohio-509, 881 N.E.2d 1224, ¶ 23. The test for prejudice is 'whether the plea would have otherwise been made.' *Nero* at 108, 564 N.E.2d 474, citing *Stewart,* Id. If the trial judge completely failed to comply with the rule, e.g., by not informing the defendant of a mandatory period of postrelease control, the plea must be vacated. See *Sarkozy,* 117 Ohio St.3d 86, 2008-Ohio-509, 881 N.E.2d, 1224, paragraph two of the syllabus. 'A complete failure to comply with the rule does not implicate an analysis of prejudice.' *Id.* at ¶ 22." *Clark,* 119 Ohio St.3d 239, at ¶ 31-32.

{¶27} We find the trial court substantially complied with Crim.R. 11 regarding the duration of postrelease control. First, Appellant has not submitted a transcript with this appeal of his change of plea hearing. "When portions of the transcript necessary to resolve issues are not part of the record, we must presume regularity in the trial court proceedings and affirm. *Knapp v. Edwards Laboratories* (1980), 61 Ohio St.2d 197, 400 N.E.2d 384. Accordingly, we must presume regularity in Appellant's plea colloquy.

{¶28}  Second, the Admission of Guilt/Judgment Entry states that if Appellant is sentenced, Appellant "[has] five years post release control."  There is no limiting statement in that entry that the five years postrelease control is discretionary.  In addition, because we do not have the transcript available to us, we do not know what the trial court informed Appellant as to mandatory or discretionary nature of the postrelease control during the plea colloquy.  Pursuant to R.C. 2967.28(B)(2), Appellant was subject to a mandatory term of three years of post release control.  Appellant has not shown any prejudice from the discrepancy between having five years of postrelease control to a mandatory term of three years of postrelease control.

{¶29}  Finally, the plea bargain in this case involved the dismissal of four counts of a five-count indictment, including a charge of attempted murder.  The parties agreed in the plea bargain that the State would recommend a sentence of eight years.  Postrelease control was not part of the plea bargain as shown by the Admission of Guilt/Judgment Entry that states, "[n]o promises have been made to me as part of this plea agreement except that the State of Ohio is recommending that I be sentenced to eight (8) years in prison."

{¶30}  Based on the above, we find the trial court did not abuse its discretion in denying Appellant's motion to withdraw his guilty plea because Appellant failed to meet his burden to show that a manifest injustice occurred necessitating the withdrawal of his guilty plea.

{¶31}  We therefore overrule Appellant's first Assignment of Error.

**II.**

{¶32}  Appellant argues in his second Assignment of Error that the failures of his trial counsel to determine that the plea papers included correct terms of postrelease control deprived him of his constitutional right to effective assistance of counsel.  Based on our findings above, we hereby overrule Appellant's second Assignment of Error.

{¶33}  The judgment of the Richland County Court of Common Pleas is affirmed.

By: Delaney, J.

Hoffman, P.J. and

Edwards, J. concur.

_____
HON. PATRICIA A. DELANEY


_____
HON. WILLIAM B. HOFFMAN


_____
HON. JULIE A. EDWARDS

[Cite as *State v. Jordan*, 2011-Ohio-1203.]

IN THE COURT OF APPEALS FOR RICHLAND COUNTY, OHIO

FIFTH APPELLATE DISTRICT

STATE OF OHIO : 
 :
 :
 :
          Plaintiff-Appellee : 
 :
-vs- : JUDGMENT ENTRY
 :
SCOTT ANTHONY JORDAN : 
 :
 :
 : Case No. 2010 CA 0091
       Defendant-Appellant :

For the reasons stated in our accompanying Opinion on file, the judgment of the Richland County Court of Common Pleas is affirmed.  Costs assessed to Appellant.

_____
HON. PATRICIA A. DELANEY

_____
HON. WILLIAM B. HOFFMAN

_____
HON. JULIE A. EDWARDS