[Cite as *State v. Jordan*, 2012-Ohio-5350.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | Hon. W. Scott Gwin, J.<br>Hon. William B. Hoffman, J. |
| -vs- | |
| | Case No. 12CA17 |
| SCOTT ANTHONY JORDAN | |
| Defendant-Appellant | O P I N I O N |

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from the Richland County Common Pleas Court, Case No. 2007-CR-0909 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | November 14, 2012 |
| APPEARANCES: | |

| | |
|---|---|
| For Plaintiff-Appellee | For Defendant-Appellant |
| JAMES J. MAYER, JR.<br>PROSECUTING ATTORNEY<br>RICHLAND COUNTY, OHIO | ANDREW M. KVOCHICK<br>Weldon, Huston, & Keyser, LLP<br>76 N. Mulberry St.<br>Mansfield, Ohio 44902 |
| By: JOHN C. NIEFT<br>Assistant Prosecuting Attorney<br>38 South Park Street<br>Mansfield, Ohio 44902 | |

*Hoffman, J.*

{¶1}  Defendant-appellant Scott Anthony Jordan appeals his conviction and sentence entered by the Richland County Court of Common Pleas.  Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE CASE[1]

{¶2}  On November 11, 2007, the Richland County Grand Jury indicted Appellant on two counts of kidnapping, one count of domestic violence, one count of felonious assault, and one count of attempted murder.

{¶3}  Appellant originally pleaded not guilty to the charges, but on May 2, 2008, he entered a plea of guilty to the charge of felonious assault, a second degree felony in violation of R.C. 2903.11(A)(2), in exchange for a recommended eight-year sentence and dismissal of the remaining counts in the indictment. The Admission of Guilt/Judgment Entry states, "Post-release control: If I am sentenced to prison, I have five years post-release control."

{¶4}  After taking Appellant's plea, the trial court immediately moved to sentencing. The May 2, 2008 sentencing entry shows the trial court sentenced Appellant to eight years in prison and imposed a five-year term of post-release control for Appellant's conviction on a second degree felony. R.C. 2967.28(B)(2) mandates that post-release control for a second degree felony is mandatory for a period of three years.

{¶5}  Appellant filed a Notice of Appeal of his sentence on August 11, 2008. This Court dismissed Appellant's appeal for being untimely.

---

[1] A recitation of the facts is unnecessary for our disposition of the within appeal.

{¶6}   Appellant filed a second Notice of Appeal of his sentence on October 23, 2008. This Court denied Appellant's motion for leave to file a delayed appeal.

{¶7}   Appellant then filed a petition to vacate or set aside his sentence with the trial court on November 21, 2008. Appellant argued the trial court erred in imposing the maximum sentence. The trial court denied Appellant's petition on July 7, 2009.

{¶8}   On March 12, 2010, Appellant filed a motion to withdraw his guilty plea pursuant to Crim.R. 32.1. Appellant argued he was entitled to withdraw his guilty plea because the trial court erred when it imposed five years of post-release control instead of three years, therefore rendering his sentence void. Appellant simultaneously filed a motion for new sentencing hearing pursuant to the Ohio Supreme Court mandate in *State v. Singleton,* 124 Ohio St.3d 173, 2009–Ohio–6434, 920 N.E.2d 958. The State responded to Appellant's motion to withdraw his guilty plea, and also requested the trial court conduct a resentencing hearing to correct Appellant's post-release control.

{¶9}   The record shows the trial court did not hold a resentencing hearing before denying Appellant's motion to withdraw his guilty plea on June 18, 2010. Appellant filed his Notice of Appeal of that decision on July 13, 2010.

{¶10} On appeal to this Court in *State v. Jordan,* Fifth Dist. No. 2010CA0091, 2011 Ohio 1203, this Court held Appellant was not entitled to withdraw his guilty plea, despite being sentenced to five years of post-release control as opposed to a mandatory term of three years for the second degree felony. This Court found the trial court substantially complied with the requirement Appellant be informed of the duration of post-release control. Furthermore, Appellant failed to show any prejudice resulting

from the imposition of five years of post-release control as opposed to a mandatory term of three years of post-release control.

{¶11} On October 7, 2011, Appellant filed a motion for resentencing in the trial court. The trial court scheduled a resentencing hearing for February 24, 2012. On February 24, 2012, the trial court conducted the resentencing hearing correcting the term imposed of post-release control.

{¶12} Appellant now appeals, assigning as error:

{¶13} "I. THE TRIAL COURT ERRED BY ALLOWING AN UNREASONABLE DELAY IN PROPERLY IMPOSING POST-RELEASE CONTROL.

{¶14} "II. THE TRIAL COURT ERRED BY DENYING THE APPELLANT'S MOTION TO WITHDRAW HIS PLEA.

{¶15} "III. DEFENDANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL IN THE TRIAL COURT."

I.

{¶16} In the first assignment of error Appellant maintains the trial court erred in allowing an unreasonable delay in the improper imposition of post-release control.

{¶17} The Ohio Supreme Court in *State v. Fischer,* 128 Ohio St.3d 92 (2010), held a sentence that does not include the statutorily mandated term of post-release control is void, is not precluded from appellate review by principles of res judicata, and may be reviewed at any time, on direct appeal or by collateral attack. *Fischer* held when a judge fails to impose statutorily mandated post-release control as part of a defendant's sentence, that *part* of the sentence is void and must be set aside.

**{¶18}** Here, the trial court elected to resentence Appellant following the disposition of Appellant's prior appeal herein. The state conceded Appellant was improperly sentenced to five years mandatory post-release control when a three year term was mandated by law. The trial court conducted a resentencing hearing to properly impose post-release control. Appellant is not scheduled for release until November 11, 2015; therefore, his term of post-release control has not commenced. Accordingly, Appellant we find has not demonstrated prejudice as result of the delay in the trial court's resentencing him to properly impose post-release control.

**{¶19}** The first assignment of error is overruled.

## II. and III.

**{¶20}** In the second and third assignments of error, Appellant argues the trial court erred in denying his motion to withdraw his guilty plea, and he was denied the effective assistance of trial counsel.

**{¶21}** As set forth in the statement of the case supra, Appellant filed a direct appeal of the trial court's denial of his motion to withdraw his guilty plea in *State v. Jordan,* Fifth Dist. No. 2010CA0091, 2011 Ohio 1203. In *Jordan,* this Court held Appellant was not entitled to withdraw his guilty plea, despite being sentenced to five years of post-release control as opposed to a mandatory term of three years for the second degree felony. This Court further found the trial court substantially complied with the requirement Appellant be informed of the duration of post-release control. Furthermore, Appellant failed to show any prejudice resulting from the imposition of five years of post-release control as opposed to a mandatory term of three years of post-release control.

{¶22} Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment. *State v. Szefcyk* (1996), 77 Ohio St.3d 93, 95

{¶23} Appellant's arguments raised in the second and third assigned errors are barred by the doctrine of res judicata as they were or could have been raised on direct appeal from his original sentence or were raised in Appellant's prior appeal.

{¶24} Appellant's second and third assignments of error are overruled.

{¶25} The judgment of the Richland County Court of Common Pleas is affirmed.

By: Hoffman, J.

Delaney, P.J.  and

Gwin, J. concur

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ Patricia A. Delaney_____
HON. PATRICIA A. DELANEY


s/ W. Scott Gwin_____
HON. W. SCOTT GWIN

IN THE COURT OF APPEALS FOR RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

STATE OF OHIO                           :
                                        :
    Plaintiff-Appellee                  :
                                        :
-vs-                                    :              JUDGMENT ENTRY
                                        :
SCOTT ANTHONY JORDAN                     :
                                        :
    Defendant-Appellant                 :              Case No. 12CA17

For the reasons stated in our accompanying Opinion, the judgment of the Richland County Court of Common Pleas is affirmed.  Costs to Appellant.

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN

s/ Patricia A. Delaney_____
HON. PATRICIA A. DELANEY

s/ W. Scott Gwin_____
HON. W. SCOTT GWIN