[Cite as *State v. Mankins*, 2013-Ohio-4039.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99356**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## MICHAEL MANKINS

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED IN PART, VACATED IN PART, AND
REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-554926, CR-562876, CR-562940, and CR-565884

**BEFORE:** Rocco, J., Stewart, A.J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:** September 19, 2013

**ATTORNEY FOR APPELLANT**

Michael L. Wolpert
2539 Traymore Road
University Heights, Ohio   44118


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY:    James A. Gutierrez
Assistant Prosecuting Attorney
The Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

KENNETH A. ROCCO, J.:

{¶1} After entering pleas of no contest in Cuyahoga C.P. No. CR-562940 to 1 count of grand theft, 54 counts of tampering with governmental records, 54 counts of forgery, 18 counts of tampering with odometers, and 18 counts of selling vehicles with altered odometers, and entering guilty pleas in Cuyahoga C.P. Nos. CR-554926, CR-565884, and CR-562876, respectively, to one count of grand theft, one count of theft, and one count of misdemeanor menacing, defendant-appellant Michael Mankins appeals from his convictions and the four and one-half year prison sentence the trial court imposed.

{¶2} Mankins presents two assignments of error. This court cannot decipher the argument he makes in his first, although it seems to challenge his sentence. In his second, Mankins claims his trial counsel rendered ineffective assistance in securing his pleas.

{¶3} This court has reviewed the record of these cases and finds that plain error occurred in sentencing. The trial court neither followed the requirements of R.C. 2929.14(C)(4) at the sentencing hearing in imposing consecutive sentences, nor entered journal entries that reflected what occurred at the sentencing hearing, nor imposed consequences should Mankins fail to comply with the "probation" imposed on some of the counts in CR-562940. Therefore, even though his argument is meaningless, Mankins's first assignment of error is sustained.

{¶4} However, the record fails to support Mankins's claim of ineffective assistance of trial counsel. His second assignment of error is consequently overruled. Mankins's convictions and sentences in CR-554926, CR-562876, CR-565884, and CR-562940 are affirmed, but his sentences are vacated and these cases are remanded for resentencing consistent with this opinion.

{¶5} The record reflects Mankins was indicted in these cases in 2011 and 2012 as a result of his activities in operating a used car dealership. In CR-554926, he was charged with one count of passing bad checks and one count of grand theft. In CR-562876, he was charged with five counts of intimidation. In CR-565884, he was charged with one count of passing bad checks and one count of theft.

{¶6} In CR-562940, Mankins was charged together with his wife. The counts that pertained to him charged him with 1 count of grand theft, 54 counts of tampering with records, 54 counts of forgery, 18 counts of tampering with odometers, and 18 counts of selling vehicles with altered odometers. Mankins entered pleas of not guilty at his arraignments and retained counsel to represent him and his wife.

{¶7} By October 2012, the parties notified the trial court that a plea agreement had been reached. As outlined by the prosecutor, in the three less-serious cases, in exchange for a dismissal of the other counts and an agreed amount of restitution, Mankins would plead guilty as follows: (1) in CR-554926 to a single count of grand theft; (2) in CR-562876 to Count 1, amended to a charge of menacing; and (3) in CR-565884, to a single count of theft.

**{¶8}** The trial court conducted a thorough colloquy with Mankins before accepting his pleas, finding him guilty, and dismissing the other charges. Then the parties turned their attention to Mankins's remaining case, viz., CR-562940.

**{¶9}** The prosecutor stated that Mankins and his wife would enter pleas of no contest to all the charges in the remaining case. The prosecutor set forth the amount of restitution involved. Defense counsel indicated that Mankins had already made some restitution to one of the victims.

**{¶10}** The trial court proceeded with a second colloquy for each defendant in CR-562940. The court carefully described the constitutional rights the defendants were waiving in entering their pleas and set forth the maximum penalties involved. The trial court first accepted Mankins's wife's no contest pleas before conducting a separate colloquy with Mankins and accepting his pleas as well. The prosecutor then presented a factual basis for the charges. Thereafter, the trial court made findings of guilt on all the charges. The trial court concluded the hearing by referring Mankins and his wife to the probation department for presentence reports.

**{¶11}** When the trial court called the cases for sentencing, the court indicated that it had reviewed the presentence reports. The court also heard statements from the prosecutor, one of the victims, defense counsel, and Mankins and his wife before ordering the hearing to be continued so that Mankins could close up his business and make further restitution.

**{¶12}** The conclusion of the sentencing hearing took place a week later. The prosecutor indicated the parties had come to an agreement on the amount of restitution. In the less-serious cases, the trial court imposed sentences on Mankins as follows: in CR-554926, a prison term of one year, to be served "consecutive[ly] with the [other] cases"; in CR-565884, a six-month prison term; and in CR-562876, 30 days in jail.

**{¶13}** As to CR-562940, the transcript of the sentencing hearing demonstrates that the trial court sentenced Mankins as follows:

Count 1, to 5 years of "probation";

the "tampering with records" counts, except for Count 143, to concurrent prison terms of three years;

the terms in this case were to be served concurrently with each other but consecutively to the sentence in CR-565884;

Count 143, to 5 years of "probation";

the "forgery counts," except for Count 144, to prison terms of nine months;

Count 144, to 5 years of "probation";

the "tampering with the odometer" counts, except for Count 145, to prison terms of nine months;

Count 145, five years of "probation;" and,

the "[s]ale of a vehicle with tampered odometer" counts, except for Count 146, to prison terms of one year;

Count 146, 5 years of "probation."

**{¶14}** Despite the trial court's generalizations, as set forth above, the journal entry of sentence in CR-562940 specifically set forth each count. The journal entry also

reflects that the state "elected" certain of the counts for purposes of merger. Finally, the journal entry states that the sentences on all of the counts were to be served concurrently with each other, but consecutively to the sentences imposed in CR-565884 and CR-554926.

{¶15} Mankins appeals from his convictions and the sentences imposed with two assignments of error:

> **I. The trial court's imposition of consecutive prison sentences involving felony four and five levels without adequate inquiry or separate animus was error.**
>
> **II. Failure to raise mitigation matters during the plea bargaining [with the] State constitutes ineffective assistance of counsel.**

{¶16} Mankins challenges his sentence in his first assignment of error with an argument that makes no sense, and this court would be inclined to disregard it pursuant to App.R. 16(A) and 12(A)(2) but for the plain error that the record reflects occurred in sentencing. When there is a deviation from a legal rule, the error is obvious on the face of the record, and the error affects a substantial right, plain error exists. *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306, ¶ 15-17. Several instances of plain error are present herein.

{¶17} First, with respect to CR-562940, the transcript of the sentencing hearing does not contain any indication that the subject of "merger" was even discussed, much less that the state made any elections between the numerous counts of the indictment in CR-562940. Thus, the sentence was "modified" in the journal entry, and, as stated in *State v. Carpenter*, 1st Dist. Hamilton No. C-950889, 1996 Ohio App. LEXIS 4434,

"When a sentence pronounced in open court is subsequently modified and the judgment entry reflects the modification, the modification must have been made in the defendant's presence."

**{¶18}** Second, the journal entries in these cases do not reflect what was stated by the trial court at the sentencing hearing. Although the trial court declared at the conclusion of the hearing that the sentence imposed in CR-554926 would "run consecutive to the earlier cases," the journal entry in that case indicates that the sentence was to run "concurrent to CR-562876; and consecutive to case CR-562940 and CR-565884." *State v. Quinones*, 8th Dist. Cuyahoga No. 89221, 2007-Ohio-6077.

**{¶19}** Third, the trial court failed to state any consequence should Mankins fail to comply with the terms of the "probation" imposed on some of the counts, in direct contravention of R.C. 2929.19(B)(4). *State v. Polus*, 6th Dist. Ottawa No. OT-08-040, 2010-Ohio-25.

**{¶20}** Finally, the trial court made none of the findings necessary pursuant to R.C. 2929.14(C)(4) for the imposition of consecutive sentences. *State v. Venes*, 8th Dist. Cuyahoga No. 98682, 2013-Ohio-1891, ¶ 17.

**{¶21}** For these reasons, this court is constrained to sustain Mankins's first assignment of error.

**{¶22}** The argument Mankins makes in support of his second assignment of error, consisting of two sentences, is as flawed as the one he presents in support of his first. He apparently asserts that his trial counsel rendered ineffective assistance by failing to advise

him of "the risk" that, when he entered his pleas, the trial court might decline to "accept the package" to which he agreed. Mankins perhaps is implying that his trial counsel told him the trial court would impose only community control sanctions for his convictions in these cases.

{¶23} In this instance, this court declines to address this argument due to Mankins's failure to comply with App.R. 16(A). *State v. Herron*, 11th Dist. Lake Nos. 2009-L-119, 126 through 134, 2010-Ohio-2050, ¶ 17. In any event, because it requires evidence dehors the record, it is an argument that belongs in a petition for postconviction relief rather than a direct appeal. *State v. Maldonado*, 9th Dist. Summit No. 01CA007759, 2001 Ohio App. LEXIS 4014 (Sept. 12, 2001).

{¶24} Mankins's second assignment of error is overruled.

{¶25} Mankins's convictions are affirmed. His sentences, however, are vacated, and these cases are remanded for resentencing.

{¶26} Affirmed in part, vacated in part, and remanded to the lower court for resentencing consistent with this opinion.

It is ordered that appellant and appellee share the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's convictions having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for resentencing.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


KENNETH A. ROCCO, JUDGE

EILEEN T. GALLAGHER, J., CONCURS;
MELODY J. STEWART, A.J., CONCURS
IN JUDGMENT ONLY