[Cite as *State v. Patrick*, 2013-Ohio-5020.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99418**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## ALONZO PATRICK

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-548888

**BEFORE:**    Stewart, A.J., Keough, J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:**    November 14, 2013

**FOR APPELLANT**

Alonzo Patrick, pro se
Inmate No. 602-669
Marion Correctional Institution
P.O. Box 57
Marion, OH   43301


**ATTORNEYS FOR APPELLEE**

Sherin Bevan Walsh
Prosecuting Attorney

BY:   Heaven Dimartino
Assistant Prosecuting Attorney
Appellate Division
Summit County Safety Building
53 University Avenue, 6th Floor
Akron, OH   44308

MELODY J. STEWART, A.J.:

**{¶1}** Defendant-appellant Alonzo Patrick appeals the trial court's decision denying his motion to withdraw his guilty plea. For the reasons that follow, we affirm the decision of the trial court.

**{¶2}** On June 3, 2011, Patrick pled guilty to aggravated burglary in violation of R.C. 2911.11(A)(1), a first-degree felony with a one-year firearm specification; abduction in violation of R.C. 2905.02(A)(2), a third-degree felony; and having weapons while under disability in violation of R.C. 2923.13(A)(2), a third-degree felony. He was sentenced to a total of seven years imprisonment.

**{¶3}** On October 31, 2012, Patrick filed an appeal, but it was dismissed as untimely and the decision was upheld on reconsideration. On November 30, 2012, Patrick filed a motion to withdraw his guilty plea that was denied by the trial court on December 18, 2012, and is the subject of this appeal.

**{¶4}** We review a trial court's decision to deny a postsentence motion to withdraw a guilty plea under an abuse of discretion standard. *State v. Britton*, 8th Dist. Cuyahoga No. 98158, 2013-Ohio-99, ¶ 17, citing *State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977), paragraph two of the syllabus.

**{¶5}** Crim.R. 32.1 states:

A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after

sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea.

**{¶6}** In this case, Patrick does not attempt to argue that a manifest injustice has taken place. Instead, in 12 assignments of error, Patrick makes various arguments with regard to the effectiveness of his trial counsel and alleged errors made by the trial court. Of Patrick's 12 assignments of error, four assignments argue that: the trial court abused its discretion by entering an incorrect journal entry, the trial court failed to comply with felony sentencing guidelines under R.C. 2929.11 and R.C. 2929.12, the trial court improperly imposed postrelease control sanctions, and the trial court failed to properly advise Patrick on his right to appeal. The remaining eight assignments of error asserted by Patrick are claims based on ineffective assistance of counsel. We find, however, that the doctrine of res judicata precludes us from considering all but one of Patrick's 12 assigned errors.

**{¶7}** Under the doctrine of res judicata, "a valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 382, 1995-Ohio-331, 653 N.E.2d 226. In a motion to withdraw a guilty plea, res judicata bars the assertion of claims that were or could have been raised at trial or on appeal. *State v. Ford*, 8th Dist. Cuyahoga No. 98049, 2012-Ohio-4597, _ 2.

**{¶8}** Patrick argues in his first assignment of error that the trial court abused its discretion by entering an incorrect journal entry. He asserts that the trial court failed to

consider "all required factors of law" for sentencing purposes. In particular, Patrick feels the court did not take into account the seriousness of the crime and recidivism factors set forth under R.C. 2929.12. Next, in Patrick's second assignment of error, he claims that the court failed to comply with purposes of felony sentencing under R.C. 2929.11, as well as R.C. 2929.12. Both of these two arguments are barred by res judicata because Patrick needed to present these issues in a timely appeal.

{¶9} Patrick's eight assignments of error based on various claims of ineffective assistance of counsel are also barred as res judicata. These claims include three assigned errors stating that Patrick's trial counsel was deficient in matters relating to Patrick's arrest and a motion to suppress evidence filed with the trial court. Two assignments of error are with regard to gun specifications sentencing and allied offenses. The remaining three assigned errors claim that the court failed to comply with Crim.R. 11 and plea negotiations. Also, however, since Patrick filed no transcript of the plea proceedings as part of his appellate record, it would be impossible to address the merits of these claims. The same is true of the argument that the court failed to inform Patrick of his right to appeal. Without a transcript, this argument fails.

{¶10} When an appeal is filed without a transcript, reviewing courts generally presume the regularity of that proceeding. *State ex rel. Bardwell v. Cuyahoga Cty. Bd. of Commrs.*, 127 Ohio St.3d 202, 2010-Ohio-5073, 937 N.E.2d 1274, _ 14. Patrick filed a motion for preparation of a complete transcript of the proceedings at the state's expense on January 13, 2012. However, the motion was denied on January 31, 2012, because

Patrick had yet to file an appeal or any comparable postconviction motion. Reviewing courts have held that where the appellant failed to support his claim of ineffective assistance of counsel with any evidence outside the record, the claims could have been raised on direct appeal and are res judicata. *State v. Cassano*, 5th Dist. Richland No. 12CA55, 2013-Ohio-1783, _ 55.

{¶11} In Patrick's third assignment of error, he argues that the trial court failed to properly inform him of the mandatory term of postrelease control. In *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, the Supreme Court held that a sentence that does not include the statutorily mandated term of postrelease control is void and not precluded from appellate review by principles of res judicata. *Id.* at _ 40. *See also State v. Jordan*, 5th Dist. Richland No. 12CA17, 2012-Ohio-5350, _ 17. While res judicata does not bar consideration of this argument, again without a transcript, we must presume that the trial court properly informed Patrick of postrelease control. The journal entry dated June 3, 2011, reflects that Patrick was given five years mandatory postrelease control and advised of the consequences for violating the conditions of his postrelease control.

{¶12} Judgment affirmed.

It is ordered that appellee recover of appellant its costs herein taxed.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.        A        certified

copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of

Appellate Procedure.

_____

_____
MELODY J. STEWART, ADMINISTRATIVE JUDGE

KATHLEEN ANN KEOUGH, J., and
EILEEN T. GALLAGHER, J., CONCUR