[Cite as *State v. Haynesworth*, 2021-Ohio-1817.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 109965 |
| v. | : | |
| RONZELL HAYNESWORTH, | : | |
| Defendant-Appellant. | : | |

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** May 27, 2021

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-16-609380-B

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Mary M. Frey, Assistant Prosecuting Attorney, *for appellee.*

Ronzell Haynesworth, *pro se.*

ANITA LASTER MAYS, P.J.:

{¶ 1} Defendant-appellant Ronzell Haynesworth ("Haynesworth") appeals the trial court's decision to deny Haynesworth's motion to vacate a void judgment and sentence. We affirm the trial court's decision.

{¶ 2} In 2017, Haynesworth pleaded guilty to one count of aggravated robbery, a first-degree felony, in violation of R.C. 2911.01(A)(1), with a three-year firearm specification. Haynesworth was sentenced to eight years' imprisonment.

## I.    Facts and Procedural History

{¶ 3} After Haynesworth's conviction, he filed a petition for postconviction relief, arguing that the trial court imposed a sentence that was cruel and unusual, in violation of his constitutional rights. The state moved for summary judgment, stating that Haynesworth's argument was barred by res judicata because Haynesworth could have raised that argument on direct appeal. The trial court granted the state's motion for summary judgment, finding that Haynesworth's claims were barred by res judicata.

{¶ 4} In *State v. Haynesworth*, 8th Dist. Cuyahoga No. 106671, 2018-Ohio-4519, Haynesworth appealed his convictions arguing that the trial court erred by accepting his guilty plea. *Id.* at ¶ 6. A panel from this court determined that the trial court "complied with Crim.R. 11(C) and affirmed Haynesworth's convictions." *Id.* at ¶ 9.

{¶ 5} On July 29, 2020, Haynesworth filed a motion to vacate a void judgment and sentence, arguing that his three-year firearm specification is void because his codefendant in this case was found not guilty by a jury of the firearm specification. The trial court denied Haynesworth's motion to vacate. Thus, Haynesworth has filed this appeal assigning two errors for our review:

I. The trial court abused its discretion when it denied defendant-appellant, Haynesworth's motion to vacate void judgment and sentence as it is contrary to law; and

II. The trial court abused its discretion when it denied defendant-appellant's motion to vacate void judgment and sentence as it is contrary to law without holding an evidentiary hearing.

## II. Motion to Vacate Void Judgment and Sentence

### A. Standard of Review

{¶ 6} "Where a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for postconviction relief as defined in R.C. 2953.21." *State v. Ray*, 8th Dist. Cuyahoga No. 109455, 2020-Ohio-5004, ¶ 10, citing *State v. Reynolds*, 79 Ohio St.3d 158, 160, 679 N.E.2d 1131 (1997). "We review a trial court's denial of a postconviction relief petition for an abuse of discretion." *Id.*, citing *State v. Calhoun*, 86 Ohio St.3d 279, 281, 714 N.E.2d 905 (1999). "In general, a trial court abuses its discretion when its judgment is unreasonable, arbitrary, or unconscionable." *Id.*, citing *State v. White*, 118 Ohio St.3d 12, 2008-Ohio-1623, 885 N.E.2d 905, ¶ 46.

### B. Law and Analysis

#### 1. Sufficiency of the Evidence

{¶ 7} In Hayneworth's assignments of error, he argues that the trial court erred by first, denying his motion to vacate a void judgment and second, by denying his motion without holding an evidentiary hearing. "In the context of postconviction

petitions, the trial court does not abuse its discretion in dismissing a petition without a hearing if (1) the petitioner fails to set out sufficient operative facts to establish substantive grounds for relief, or (2) the operation of res judicata prohibits the claims made in the petition." *Id.*, citing *State v. Curry*, 8th Dist. Cuyahoga No. 108088, 2019-Ohio-5338, ¶ 15, *State v. Abdussatar*, 8th Dist. Cuyahoga No. 92439, 2009-Ohio-5232, ¶ 15.

**{¶ 8}** Haynesworth contends that his guilty plea is totally inconsistent with the facts of this case when compared to the outcome of his codefendant's case, and that he should receive a lighter sentence than his codefendant because he cooperated with the state. While Haynesworth pleaded guilty to aggravated robbery with a three-year firearm specification, his codefendant chose not to plead guilty and opted for a jury trial. At the end of the jury trial, the codefendant was found not guilty of the firearm specification.

**{¶ 9}** Although Haynesworth pleaded guilty, he now argues that a firearm was not used at the robbery, and instead it was a cell phone. However, "[a] guilty plea waives a defendant's right to challenge sufficiency or manifest weight of the evidence." *State v. Hill*, 8th Dist. Cuyahoga No. 90513, 2008-Ohio-4857, ¶ 6. Additionally, as a part of Haynesworth's plea agreement with the state, he agreed "to plead guilty to robbery with a three-year firearm specification, make a post-plea statement with regard to the circumstances of the crime, and testify truthfully at his

codefendant's trial." *Haynesworth*, 8th Dist. Cuyahoga No. 106671, 2018-Ohio-4519, at ¶ 2.

### 2. Res Judicata

{¶ 10} Further Haynesworth's claims are barred by res judicata. In *Haynesworth*, Haynesworth failed to raise the issue that his guilty plea should be vacated because the evidence in the case was insufficient to support his guilty plea. "Under the doctrine of res judicata, 'a valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action.'" *Ray*, 8th Dist. Cuyahoga No. 109455, 2020-Ohio-5004, at ¶ 11, quoting *State v. Patrick*, 8th Dist. Cuyahoga No. 99418, 2013-Ohio-5020, ¶ 7, citing *Gravamen v. Parkman Twp.*, 73 Ohio St.3d 379, 382, 653 N.E.2d 226 (1995). "When a petitioner seeks postconviction relief on an issue that was raised or could have been raised on direct appeal, the petition is properly denied by the application of the doctrine of res judicata." *Id.*, citing *State v. Tucker*, 8th Dist. Cuyahoga No. 84595, 2005-Ohio-109, ¶ 11. "In order to overcome the res judicata bar, the petitioner must show, through the use of extrinsic evidence, that they could not have appealed the original constitutional claim based on the information in the original trial record." *Id.*, citing *State v. Cody*, 8th Dist. Cuyahoga No. 102213, 2015-Ohio-2764, ¶ 16.

{¶ 11} Haynesworth also argues that at his codefendant's trial he testified truthfully. He further incorrectly argues that the jury determined that Haynesworth

did not brandished or have a firearm during the robbery. Appellant's brief, p. 1. This assertion is incorrect because Haynesworth was not on trial. He had already pleaded guilty to the offenses. His codefendant was on trial, and the jury found that the evidence was insufficient to demonstrate that Haynesworth's codefendant had or brandished a weapon.

### 3. Void Judgment and Evidentiary Hearings

{¶ 12} Haynesworth also contends that the jury's decision in his codefendant's trial make his convictions void. Haynesworth has not demonstrated that his constitutional rights were denied or were infringed upon in a way that would render the trial court's judgment void. "Under R.C. 2953.21, a petitioner may obtain postconviction relief 'only if the court can find that there was such a denial or infringement of the rights of the prisoner as to render the judgment void or voidable under the Ohio Constitution or the United States Constitution.'" *State v. Pondexter*, 8th Dist. Cuyahoga No. 108940, 2020-Ohio-1290, ¶ 7, quoting *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph four of the syllabus. "A postconviction petition is a means to reach constitutional issues that would otherwise be impossible to reach because the evidence supporting those issues is not contained in the record." *Id.*, citing *State v. Steffen*, 70 Ohio St.3d 399, 410, 639 N.E.2d 67 (1994); *State v. Smith*, 8th Dist. Cuyahoga No. 93534, 2010-Ohio-1869, ¶ 11. "It does not provide a petitioner a second opportunity to litigate his or her conviction." *Id.*, citing *Smith* at ¶ 12.

**{¶ 13}** Haynesworth's argues that the trial court erred by dismissing his motion without an evidentiary hearing are also misplaced. "It is well established that 'courts are not required to hold a hearing in every postconviction case.'" *State v. Hostacky*, 8th Dist. Cuyahoga No. 103014, 2016-Ohio-397, ¶ 4, quoting *State ex rel. Madsen v. Jones*, 106 Ohio St.3d 178, 2005-Ohio-4381, 833 N.E.2d 291, ¶ 10.

**{¶ 14}** Because Haynesworth's claims are barred by res judicata, the trial court reserves discretion in whether to hold an evidentiary hearing. "The court acts as a gatekeeper in reviewing the evidence to determine if there are substantive grounds for relief." *Id.*, citing *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 51.

> Where the petition, the supporting affidavits, the documentary evidence, the files, and the records do not demonstrate that petitioner set forth sufficient operative facts to establish substantive grounds for relief, the court may dismiss a petition for postconviction relief without a hearing.

*Id.*, citing *State v. Calhoun*, 86 Ohio St.3d 279, 714 N.E.2d 905 (1999), paragraph two of the syllabus; *State v. Moon*, 8th Dist. Cuyahoga No. 101972, 2015-Ohio-1550, ¶ 22.

**{¶ 15}** Therefore, Haynesworth's assignments of errors are overruled.

**{¶ 16}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
ANITA LASTER MAYS, PRESIDING JUDGE

KATHLEEN ANN KEOUGH, J., and
MARY EILEEN KILBANE, J., CONCUR