[Cite as *State v. Jeter*, 2023-Ohio-145.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                             :

    Plaintiff-Appellee,              :

                               No. 111881

    v.                                              :

RASHAD JETER,                            :

    Defendant-Appellant.           :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** January 19, 2023

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-21-655952-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Katherine E. Mullin, Assistant Prosecuting Attorney, *for appellee*.

McNeal Legal Services, LLC, and Christopher McNeal, *for appellant*.

EILEEN T. GALLAGHER, J.:

{¶ 1} This cause came to be heard on the accelerated calendar pursuant to App.R. 11.1 and Loc.App.R. 11.1. Defendant-appellant, Rashad Jeter ("Jeter"),

appeals from her conviction and sentence following a guilty plea. She raises the following assignments of error for review:

1. The record does not support the sentence imposed because Jeter was not subject to a driving suspension under Chapter 4510 of the Ohio Revised Code at the time of her offense.

2. If Jeter was actually under a driver's suspension, the doctrine of invited error precludes the state of Ohio from prosecuting her for such, due to the fact that the state of Ohio issued her a driver's license.

3. Trial counsel was ineffective for failing to challenge the validity of Jeter's alleged driver's license suspension.

{¶ 2} After careful review of the record and relevant case law, we affirm Jeter's conviction and sentence.

## I. Procedural and Factual History

{¶ 3} In January 2021, Jeter was named in a two-count indictment, charging her with aggravated vehicular assault in violation of R.C. 2903.08(A)(2)(b), with a furthermore clause that Jeter was driving under a suspension imposed pursuant Chapter 4510 of the Ohio Revised Code (Count 1); and aggravated vehicular assault in violation of R.C. 2903.08(A)(2)(a) (Count 2). The indictment stemmed from allegations that on October 22, 2020, Jeter recklessly operated a motor-vehicle, resulting in serious physical harm to the victim, L.R.

{¶ 4} In November 2021, Jeter retracted her former plea of not guilty and entered a plea of guilty to one count of aggravated vehicular assault, a felony of the third degree, as charged in Count 1 of the indictment. In exchange for her plea, Count 2 of the indictment was nolled. Satisfied that Jeter's plea was knowingly, voluntarily, and intelligently made, the trial court accepted Jeter's guilty plea and

referred her to the county probation department for the completion of a presentence-investigation report.

{¶ 5} In January 2022, the trial court sentenced Jeter to a 24-month term of imprisonment, and suspended her driver's license until January 26, 2032.

{¶ 6} In August 2022, Jeter filed a motion for delayed appeal pursuant to App.R. 5. The motion incorporated Jeter's own affidavit and several exhibits that were not part of the trial record. In September 2022, this court granted Jeter's request for a delayed appeal. Accordingly, Jeter now appeals from her conviction and sentence.

## II. Law and Analysis

### A. The Furthermore Clause

{¶ 7} In the first assignment of error, Jeter argues the record does not support her prison sentence because, contrary to the allegation set forth in the indictment, her driver's license was not suspended at the time of the offense. Alternatively, Jeter argues in the second assignment of error that even if her driver's license was suspended, the state was precluded from prosecuting the furthermore specification because the Ohio Bureau of Motor Vehicles issued her a driver's license on July 6, 2020. Relying on the doctrine of invited error, Jeter suggests that the state of Ohio "entrapped [her] to drive under suspension or created the conditions which compelled her to drive without a license." We address these assignments of error together because they are related.

{¶ 8} In this case, Jeter entered a guilty plea, thereby admitting to the indicted charge of aggravated vehicular assault in violation of R.C. 2903.08(A)(2)(b), with the attendant furthermore clause that Jeter was driving under a suspension imposed pursuant to Chapter 4510 of the Ohio Revised Code. The nature of the furthermore clause elevated the offense to a felony of the third degree. *See* R.C. 2903.08(C)(2). Moreover, R.C. 2903.08(D)(2)(b) required the trial court to impose a mandatory prison term because "[a]t the time of the offense, the offender was driving under suspension * * *."

{¶ 9} It is well-settled that a plea of guilty is "a complete admission of the defendant's guilt." Crim.R. 11(B)(1); *see also State v. Korecky*, 8th Dist. Cuyahoga No. 108328, 2020-Ohio-797, ¶ 16. "By implication, a valid guilty plea represents a complete admission to the state's rendition of the facts upon which the charges are based and which it represents it would prove had the matter proceeded to trial." *State v. Kaufmann*, 11th Dist. Ashtabula No. 2022-A-0011, 2022-Ohio-3487, ¶ 15. This includes the facts supporting the specifications accompanying the underlying offenses. *State v. Fry*, 8th Dist. Cuyahoga No. 109593, 2021-Ohio-2838, ¶ 26, citing *State v. Sims*, 2019-Ohio-4975, 149 N.E.3d 1143, ¶ 18 (8th Dist.).

{¶ 10} On appeal, Jeter suggests that the facts supporting the furthermore clause were inaccurate, and therefore, should not have elevated the offense to a third-degree felony pursuant to R.C. 2903.08(C)(2). As previously discussed, however, by entering a plea of guilty to Count 1 as indicted, Jeter admitted that the violation of R.C. 2903.08(A)(2)(b) was committed while she was driving with a

suspended license. Jeter has therefore waived the right to challenge the sufficiency of the evidence supporting her third-degree felony conviction. *State v. Haynesworth*, 8th Dist. Cuyahoga No. 109965, 2021-Ohio-1817, ¶ 9 ("A guilty plea waives a defendant's right to challenge sufficiency or manifest weight of the evidence."), quoting *State v. Hill*, 8th Dist. Cuyahoga No. 90513, 2008-Ohio-4857, ¶ 6. *See also State v. Rice*, 8th Dist. Cuyahoga No. 106953, 2018-Ohio-5356, ¶ 8, citing *State v. Griggs*, 103 Ohio St.3d 85, 2004-Ohio-4415, 814 N.E.2d 51. In the absence of evidence to suggest Jeter's plea was not knowingly, intelligently, and voluntarily made, we find the trial court did not err by accepting Jeter's guilty plea and imposing a mandatory prison term on the third-degree felony offense. *See* R.C. 2903.08(C)(2), 2903.08(D)(2)(b), and 2929.13(F)(4).

{¶ 11} We further find no merit to Jeter's reliance on the doctrine of invited error. Significantly, we note that the various traffic records cited in support of Jeter's position are not part of the trial court's record below. Accordingly, we decline to consider the documents for the first time on appeal. *See* App.R. 9; *State v. Davis*, 8th Dist. Cuyahoga No. 110301, 2021-Ohio-4015, ¶ 22 ("Appellate review is limited to the record, and a reviewing court cannot add any new matter to the record that was not part of the trial court's proceedings or decide the appeal on the basis of any new matter not before the trial court."), citing *State v. Ishmail*, 54 Ohio St.2d 402, 377 N.E.2d 500 (1978), paragraph two of the syllabus.

{¶ 12} The first and second assignments of error are overruled.

### B. Ineffective Assistance of Counsel

{¶ 13} In the third assignment of error, Jeter argues defense counsel rendered ineffective assistance of counsel by failing to challenge the validity of her alleged driver's-license suspension. Jeter also contends that defense counsel was ineffective for waiting until the day of the plea hearing to advise her that she was subject to a mandatory prison term.

{¶ 14} To establish ineffective assistance of counsel, Jeter must establish "(1) deficient performance by counsel, i.e., performance falling below an objective standard of reasonable representation, and (2) prejudice, i.e., a reasonable probability that, but for counsel's errors, the outcome of the proceeding would have been different." *State v. Sowell*, 148 Ohio St.3d 554, 2016-Ohio-8025, 71 N.E.3d 1034, ¶ 138, citing *Strickland v. Washington*, 466 U.S. 668, 687-688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraphs two and three of the syllabus. The failure to prove either prong of this two-part test makes it unnecessary for a court to consider the other prong. *State v. Madrigal*, 87 Ohio St.3d 378, 389, 721 N.E.2d 52 (2000), citing *Strickland* at 697.

{¶ 15} A licensed attorney is presumed to be competent, and a defendant claiming ineffective assistance bears the burden of proof. *State v. Black*, 2019-Ohio-4977, 149 N.E.3d 1132, ¶ 35 (8th Dist.), citing *State v. Smith*, 17 Ohio St.3d 98, 100, 477 N.E.2d 1128 (1985). "'A reviewing court will strongly presume that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.'" *State v. Powell*, 2019-Ohio-4345, 134 N.E.3d

1270, ¶ 69 (8th Dist.), quoting *State v. Pawlak*, 8th Dist. Cuyahoga No. 99555, 2014-Ohio-2175, ¶ 69.

{¶ 16} As an initial matter, we note that Jeter has not filed the transcript of the plea hearing. In the absence of a transcript or alternative record under App.R. 9(C) or (D), we must presume regularity in the proceedings below. *State v. Lababidi,* 8th Dist. Cuyahoga No. 96755, 2012-Ohio-267, 969 N.E.2d 335, ¶ 13; *State v. Rice*, 8th Dist. Cuyahoga No. 95100, 2011-Ohio-1929. We therefore reject Jeter's suggestion that defense counsel rendered ineffective assistance of counsel by failing to provide her advance notice that her conviction carried a mandatory prison term. Presuming the trial court completed a full Crim.R. 11 colloquy and ensured that Jeter understood the mandatory nature of her prison term, Jeter cannot establish the requisite level of prejudice to warrant a finding of ineffective assistance of counsel.

{¶ 17} Regarding Jeter's contention that counsel was ineffective for failing to challenge the validity or accuracy of the furthermore specification attached to Count 1 of the indictment, we reiterate that Jeter's argument depends exclusively on off-the-record discussions and information that was discovered after her guilty plea was entered. Generally, "when an ineffective-assistance claim is based on evidence outside the record, the proper vehicle for raising the claim is a petition for postconviction relief, not a direct appeal." *State v. Fisher*, 8th Dist. Cuyahoga No. 108494, 2020-Ohio-670, ¶ 22, citing *State v. Kennard*, 10th Dist. Franklin No. 15AP-766, 2016-Ohio-2811, ¶ 24; *State v. Mankins*, 8th Dist. Cuyahoga No. 99356,

2013-Ohio-4039, ¶ 23; *State v. Irwin*, 7th Dist. Columbiana No. 11CO6, 2012-Ohio-2704, ¶ 97 ("While evidence may exist outside the record to support an appellant's contention of ineffective assistance, a direct appeal is not the proper place to present this evidence."). In this case, Jeter's claim hinges on the veracity of various traffic records that were not incorporated into the record below. Consequently, a claim of ineffective assistance of counsel based on these records is not properly before this court.

{¶ 18} For the foregoing reasons, Jeter's ineffective assistance of counsel claim fails. Jeter has not established that she was prejudicially denied her constitutional right to effective assistance of counsel. The third assignment of error is overruled.

{¶ 19} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN T. GALLAGHER, JUDGE

ANITA LASTER MAYS, A.J., and
MICHAEL JOHN RYAN, J., CONCUR